RAFAEL RODRIGUEZ v. INTERNATIONAL & GREAT NORTHERN
RAILWAY COMPANY.

Decided November 6, 1901.

**1.—Railway Company—Contributory Negligence.**

Where plaintiff's injuries were caused by his going upon the railway track in defendant's yards and attempting to cross between the cars of a train then being made up, and which he knew was liable to be moved at any moment, and he was injured while he was between the cars, there was such contributory negligence as precluded a recovery.

**2.—Same—Evidence.**

Evidence held to warrant the conclusion that plaintiff, when he undertook to cross the track between the cars of a live train, one being made up, knew the train was liable to move at any moment.

**3.—Same—Discovered Peril.**

That a fireman on defendant company's engine saw plaintiff approaching the train while it was being made up in the yards, would not warrant the presumption that he knew plaintiff would attempt to cross the track between the cars by jumping over their drawheads.

Appeal from the County Court of Bexar. Tried below before Hon. R. B. Green.

*T. J. Newton*, for appellant.

*G. S. McFarland* and *Denman, Franklin & McGown*, for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit brought by appellant for personal injuries alleged to have been sustained by the negligence of appellant while he was crossing appellee's track between the cars of a freight train standing thereon.

The appellee (defendant below) answered by a general denial and a plea of contributory negligence. Upon hearing the evidence, the court peremptorily instructed a verdict for the defendant, and from the judgment entered upon the verdict returned in obedience to the instruction this appeal is prosecuted.

The undisputed evidence shows that appellant's injuries were caused by his negligently going upon and endeavoring to cross appellee's tracks between the cars of a train which he knew was liable to be moved at any moment. In his effort to cross he placed his hands upon two box cars, and raised himself over the drawheads, and when he was in this position the train was moved, and his foot caught and mashed between the drawheads. There is no evidence tending to show that appellee's servants operating the train knew of appellant's perilous position at the time it was moved.

These undisputed facts show such contributory negligence on the part of appellant as precludes his right to recover damages for the injuries thereby sustained. Railway v. Sloan, 32 S. W. Rep., 85; Railway v. Watkins, 88 Texas, 24; Flores v. Railway, 1 Texas Ct. Rep., 151; Stud-

der v. Southern Pac. Co., 4 Am. Neg. Rep., 361, and cases cited; Andrews v. Railway, 10 Law. Rep. Ann., 58. The court did not err in instructed a verdict for the defendant, and its judgment is affirmed.

<i>Affirmed.</i>

ON MOTION FOR REHEARING.

It is contended in this motion that there is no testimony in the record which shows or tends to show that appellant, at the time he attemped to cross appellee's track, knew that the train was liable to move at any moment.

Appellant himself testified: "Before I got there [to the point where he attempted to cross] I saw the engine with the cars go up there, and I rushed. I was trying to pass before they got there, but the cars stopped me, and I didn't have time. When I got there I stopped to see if they were going to pass quick so I could get through. I was in a hurry and going after medicine for my wife. I waited two or three minutes there for these cars to move over. Then I caught hold of one side of the car, and the other one, and jumped over to go through, * * * and the engine moved and I didn't have time to get over."

The testimony of Mr. Inskeep, a witness for appellant, shows that the accident occurred in appellee's yards; that while a trail leads up to the track, there is no crossing there at all—no recognized crossing for teams or travel; that the public usually cross the track in every direction,—i. e., pedestrians; that he has seen them go under the cars, and over them, and every other way; that he has seen signs there to warn trespassers and that they have got a sign up there at this trial.

The undisputed testimony shows the engine was engaged in coupling cars and making up a train on the track. Now, if one sees an engine, thus employed in its company's yards, run up and stop at a point where there is a sign up warning trespassers, does he not, if he is a reasonably prudent man, know that the train to which it is attached is liable to move at any moment? If not, why would he stop, as the appellant did, and "wait two or three minutes for the cars to go over?" In our opinion no other conclusion can be reached, from the facts recited, than that appellant knew, when he undertook to cross appellee's track between the cars of a live train, the train was liable to move at any moment.

When he undertook to cross in the manner he did, he knew the danger he encountered, and took upon himself the risk of the train being moved; and the consequences of his negligence in doing so must be borne by him. It is a matter of no moment that others, from time to time, took like risks and passed under, through or over live trains uninjured. This may have induced him to take the risk, but does not shift the responsibility for the injury incurred from him to the appellee.

Again, it is insisted that we erred in concluding that there is no evidence tending to show that appellee's servants operating the engine knew that appellant had gone between the cars when it was set in motion.

When appellant was approaching the place where the train stopped, according to his testimony, a man on the engine was looking towards him. The man was shown to be the fireman and not the engineer. No one was shown to be looking at or towards him when he was in the act of going between the cars. The fireman nor the engineer would be presumed to know that a man he had seen approaching or standing near a train, which he knew was liable to be set in motion, would be so reckless as to attempt to cross the track between two of the cars by jumping over their drawheads. One must be presumed, in the absence of proof that he is an idiot, to have some regard for his life and limbs, and to use at least ordinary care in securing them from known or apparent danger. If a man is able to take care of himself, he has no right to burden another with his protection, or expect the law to visit the consequences of his failure to do so upon some one else.

The motion is overruled.

*Overruled.*