## MARY L. CUNNINGHAM ET AL. v. FORT WORTH & DENVER CITY RAILWAY COMPANY.

### Decided January 18, 1902.

**Railroads—Negligence—Trespasser on Freight Train.**

Evidence considered in a case where the deceased, a trespasser on a freight train, was killed in jumping from the train while in motion, and held not to show such circumstances as required the train employes to exercise diligence to discover his presence, or to care for his safety while thereon, and the action of the trial court in instructing a verdict for the defendant is approved.

Appeal from Wise. Tried below before Hon. J. W. Patterson.

*Bullock & Basham,* for appellants.

*Stanley, Spoonts & Thompson,* for appellee.

CONNER, CHIEF JUSTICE.—This is a suit for damages by the widow and child of Louis B. Cunningham for his death, caused by the alleged negligence of appellee. Upon the trial and at the conclusion of the evidence the court gave peremptory instruction to the jury to return a

verdict for appellee. This was done and judgment entered accordingly, and the sole question presented on this appeal is whether there was any evidence of negligence on the part of the appellee which authorized the submission of the issue to the jury.

It appears that the deceased either fell or jumped off the rear platform of the caboose attached to the rear end of a through freight train while it was going at the rate of twelve or fifteen miles an hour through the station of Alvord, Wise County, where the deceased lived at the time, and that he was thereby injured so that he afterwards died.

We will not incumber our conclusions by setting out the testimony in full, but deem it sufficient to say that it has been carefully considered, and that we find no such evidence as required the submission of the issue of negligence to the jury. It is undisputed that by the rules of the company passengers were not allowed upon the train in question; that the conductor and brakeman were stationed at their respective stations of duty, and they both testify positively that they were not aware that Cunningham was aboard. Nor is there material conflict in their testimony to the effect that Cunningham was not discovered or seen by the operatives until just about the time he jumped or fell off the lower step of the rear end of the caboose, and until it was too late to have signaled the engineer and caused any material abatement in the speed of the train. The evidence tends to show that the deceased was drunk or drinking, and had boarded the train at a pump or watering station two and one-half miles from Alvord, while the engine was taking water, and that before the train started the conductor walked around and upon the rear end of the caboose and there remained until after the train had passed the pumping station. It is insisted, in effect, that therefore the conductor must have seen Cunningham and observed his condition, and became affected with the duty of caring for him and of seeing that he got off without injury.

The evidence referred to may raise a suspicion of this purport, but we regard it as altogether too inconclusive in its nature to raise the issue. The pumper is the only person who testifies that he saw Cunningham at the pumping station, but he further testifies that he did not see him get on the train. The last time the pumper saw him he was some four or five car lengths from the caboose, and nothing appears in the testimony evidencing Cunningham's purpose to then become a passenger. Just how or when Cunningham attained his position on the rear end of the caboose is mere conjecture. He may have done so after the conductor entered the caboose and shut the door, or may have boarded one of the forward cars and walked back after the train started, but however this was, the positive testimony of the operatives of the train that they did not see him get on is uncontradicted, and no attempt to impeach the witnesses was made. Besides, there was no pleading authorizing a finding of negligence on the ground that Cunningham was so drunk that he could not care for himself and safely ride on the rear platform, and that therefore the conductor, in the exercise of ordinary care, should have

taken him inside or safely put him off. Furthermore, if it be conceded that the operatives know of his presence and position on the train, we fail to find any evidence that the conductor or brakeman knew, or could have known in time to have avoided the injury, of Cunningham's intention to get off at Alvord. After such intention was manifest, the conductor and rear brakeman both testify without contradiction that it would have been impossible to have signaled the engineer and abated the speed of the train before the deceased jumped off. Cunningham was clearly a trespasser in any view of the case, and the pleadings and evidence develop no such case as required appellee's servants to exercise diligence to discover his presence on the train, or to care for his safety while thereon, and certainly fail to show a case of discovered peril with negligence thereafter to avoid injury. The deceased seems to have voluntarily assumed the risk of injury arising from the circumstances, and we think it is clear that the action of the court in giving the peremptory instruction must be affirmed. See Railway v. Shetter, 59 S. W. Rep., 533; Railway v. Haltom, 65 S. W. Rep., 625; Rodriguez v. Railway, 64 S. W. Rep., 1005.

The judgment is affirmed.

*Affirmed.*