Missouri, Kansas & Texas Railway Company of Texas v. C. T. Reynolds.

No. 1991.   Decided November 24, 1909.

**1.—Negligence—Discovered Peril—Person on Railway Track.**

What acts or expedients constituted the exercise of due care to avoid injury to a person discovered in peril upon a railway track is a question to be determined by the jury and not by the court. A charge requiring of those operating an engine the use of every means reasonably within their power to stop such engine and avoid striking such person is permissible only where the facts show that there was no other course open to those in charge of the engine in order to avoid the injury except to stop it. (P. 35).

**2.—Same—Case Stated.**

Plaintiff standing upon a railway track unconscious of the approach of a

switch engine was discovered in such position of danger by several employes upon the engine, who endeavored to avert injury to him by shouting warnings and by endeavoring to push him off the track from their position on the footboard of the engine, and also by endeavoring to set or have set the air brakes thereon. An instruction which held the railway liable if the employes failed to use every means reasonably within their power in the exercise of ordinary care. to stop such engine on discovery of plaintiff's peril, thus determining as matter of law that their efforts must have been directed to the stopping of the engine, constituted reversible error.    (Pp. 35, 36).

### 3.—Discovered Peril—Realizing Danger.

A charge imposing upon defendant the diligence required to avoid injury in case of discovered peril where its servants, had "reasonable ground to believe and it was apparent to them" that plaintiff was in danger was practically equivalent to requiring that they should have "realized" the danger in order to be charged with such duty.    (P. 36).

### 4.—Discovered Peril—Charge.

A requested instruction relieving defendant from liability in case of discovered peril, if such means to avert it were used as a person of ordinary care would have used under the circumstances, was defective in failing to require the use of all means that a prudent person would have employed, and was properly refused.    (Pp. 36, 37).

### 5.—Discovered Peril—Question of Fact.

Evidence, in case of one injured after discovery of his perilous position on the track by those operating an engine, considered and held to present a question of fact as to defendant's negligence, and not to justify a peremptory instruction for defendant.    (P. 37).

Error to the Court of Civil Appeals for the Fifth District in an appeal from Grayson County.

Reynolds sued the railroad company for damages for personal injury and recovered judgment.  Defendant appealed and on affirmance obtained writ of error.

*Coke, Miller & Coke, John C. Wall,* and *Head, Dillard, Smith & Head,* for plaintiff in error.—The evidence failing to disclose that the employes of appellant discovered appellee in a place of danger and realized and appreciated his danger in time, by the use of the means at their command, to prevent his injury, the court erred in submitting the issue of discovered peril to the jury.  San Antonio & A. P. Ry. Co. v. McMillan, 100 Texas, 562; Dull v. Ry., 52 N. E., 1020; Kirtley v. Ry., 65 Fed., 386.

Before a railroad can be held liable for the negligence of its employes in charge of an engine approaching a man on its tracks, under the doctrine of discovered peril, it must appear that the employes saw the man, realized his peril, and that he would not get off the track, and that the discovery of the peril was in time for the employes, in the exercise of ordinary care in applying the means at hand, to prevent his injury; and the court erred in instructing the jury that the railroad would be liable for the failure of such employes to use the means at hand to prevent the injury when they had reasonable ground to believe and it was apparent to them that the man was in danger.  San Antonio & A. P. Ry. Co. v. McMillan, 100 Texas, 562.

Where the employes of a railway company are in charge of an engine approaching a man in a position of peril on its tracks, which the employes realize, it is their duty to exercise ordinary care in applying the means at hand to prevent his injury and a charge to the jury that it is the duty of such employes to use every means then reasonably within their power in the exercise of ordinary care to stop such engine and avoid striking such person, imposes too great a burden on the railroad and is erroneous. San Antonio & A. P. Ry. Co. v. McMillan, 100 Texas, 562.; Houston, E. & W. T. Ry. Co. v. Hartnett, 48 S. W., 773; International & G. N. Ry. Co. v. McDonald, 75 Texas, 41; Galveston, H. & S. A. Ry. Co. v. Gormley, 91 Texas, 393; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 178; Texas & P. Ry. Co. v. McCarthy, 35 S. W., 675.

Where the employes of a railroad company are on the footboard of a switch engine approaching a man standing on its tracks in a position of peril which such employes realize, it is their duty to exercise ordinary care in applying any and all of the means at hand to prevent his injury, and when the proof and circumstances tend to show that his injury could be prevented by attracting his attention so he could step to a place of safety, and such employes endeavored to do this; and that his injury could be prevented by pushing him off the track, and that such employes endeavored to do this; and that such injury could be prevented by stopping the engine and that such employes attempted to do this, it is error and misleading for the court, in its charge, to restrict the duties of such employes to the use of the means within their power to stop the train to prevent his injury. Ft. Worth & R. G. Ry. Co. v. Bowen, 95 Texas, 365.

Where the evidence does not raise an issue to be determined by the jury, the court should instruct a verdict.

*Wolfe, Hare & Maxey,* for defendant in error.—It was the duty of the court to charge the jury on the doctrine of discovered peril, the petition charging and the evidence showing substantially the following: (a) Appellee was on appellant's track in a position of danger. (b) Appellee was unconscious of the danger and did not see the approaching engine until he was struck. (c) The operatives on the engine saw appellee and realized his danger before reaching him. (d) The operatives upon the engine, after the discovery of appellee's perilous position, had ample time within which to stop the train and avoid injuring appellee, by the exercise of ordinary care in the use of the appliance at hand for the purpose of stopping said engine. Houston & T. C. Ry. Co. v. Harvin, 54 S. W., 629; Houston & T. C. Ry. Co. v. Wallace, 21 Texas Civ. App., 394; Texas & P. Ry. Co. v. Breadow, 90 Texas, 30; Texas & P. Ry. Co. v. Skaggs, 90 Texas, 461; Ry Co. v. Weisen, 65 Texas, 446; Galveston City Ry. Co. v. Hannah, 79 S. W., 639; St. Louis S. W. Ry. Co. v. Jacobson, 28 Texas Civ. App., 150; Texas & P. Ry. Co. v. Robinson, 4 Texas Civ. App., 121; St. Louis A. & T. Ry. Co. v. Hauks, 78 Texas, 303.

When the operatives on the engine discovered appellee upon the track, and from his attitude they had no good reason to believe that he would leave the track, it became their duty to exercise ordinary care in applying and using all the means at hand consistent with its safety to stop the train or lessen its speed so as to avoid injuring appellee. San Antonio & A. P. Ry. Co. v. McMillan, 100 Texas, 562.

In a case of discovered peril, the rule is, if the operators of the engine discovered the peril of the person on the track in time to avoid injury by stopping the engine, it is their duty to use every means at hand to do so. Missouri, K. & T. Ry. Co. v. Hendricks, 108 S. W., 750; Houston & T. C. Ry. Co. v. Harvin, 54 S. W., 629; Houston & T. C. Ry. Co. v. Wallace, 21 Texas Civ. App., 394; San Antonio & A P. Ry. Co. v. McMillan, 100 Texas, 562.

The court correctly refused charge No. 7, because it was upon the weight of the evidence and excused the operatives for their failure to use some of the means at hand to avoid injury to plaintiff, the law requiring that after the parties in charge of the engine knew of appellee's peril in time to have avoided same, such knowledge imposed upon them the duty of using every means within their power consistent with the safety of the engine to avoid running him down. Same authorities, also: Kroeger v. Texas & P. Ry. Co., 30 Texas Civ. App., 87.

Mr. Justice Williams delivered the opinion of the court.

This writ of error is from a judgment affirmed by the Court of Civil Appeals in favor of defendant in error (plaintiff below) against plaintiff in error for damages sustained by the former from being struck by an engine of the railroad company under the following circumstances:

Reynolds walked east along a street in Denison to its intersection with another street running north and south along which run several tracks of the defendant. He stopped upon one of these tracks to await the passing of a train upon another track in front of him. Just at this time, about fifteen or twenty feet from plaintiff, a switch engine was backing north along the track upon which he stood, moving two to four miles an hour. Three employes rode upon a footboard at the end of the tender and saw plaintiff as he stopped in the perilous position and knew that he was in danger of being struck. Their testimony is to the effect that each of them at once gave warning cries to plaintiff, one of them directed another to turn the angle cock, near which the latter stood, so as to set the air brakes, which the latter at once tried to do, while the third, seeing that plaintiff did not heed their shouts, leaned forward to shove him out of the path of the engine, in which the employe so far succeeded that only one of plaintiff's legs was caught and crushed. According to this testimony the man who attempted to set the brakes could not do so sooner than they were set by the engineer, too late to prevent the injury. The plaintiff was not seen from the cab, but the engineer says he heard the halloo of one of the men on the footboard and made a service application, and that then the fireman

hallooed and he made an emergency application. The plaintiff had then been knocked down.

The plaintiff introduced testimony of experts tending to show that the engine, moving at the rate of speed stated by some of the witnesses, could have been stopped by the proper use of the air brakes in a shorter distance than that traversed by it before it struck plaintiff, and, inferentially, that the servants did not make proper effort to stop. This will serve to show the state of the evidence sufficiently for the purposes of the decision.

The error for which this writ was granted will appear in the following instruction given to the jury, the objectionable feature appearing also in other parts of the charge: . . . "But on the other hand, if such employe, while so operating an engine, sees a person standing on such track and it reasonably appears that such person is not aware of the approach of the engine, and it becomes reasonably apparent that he will not leave' the track before the engine reaches him, it is the duty of such employe to use every means then reasonably within his power in the exercise of ordinary care to stop such engine and avoid striking such person." In this the court determines for the jury, as a matter of law, that the effort of the defendant's employes must have been directed to *the stopping of the engine.* There is no rule of law that requires that specific thing. What the law requires is the exercise of the care to avoid injury which persons of ordinary prudence would use in such emergencies. This care must, of course, be proportioned to the danger, but what acts and expedients constitute it in a given situation is a question to be determined by the jury and not by the court. (San Antonio & A. P. Ry. Co. v. Hodges, 102 Texas, 524; 2 Thompson on Neg., sec. 1734, 1738.)

The evidence shows that several things suggested themselves as proper to be done and that some of these were done, or attempted, by the employes to avert the collision. Was it best for the employes to do as the jury might find they did, or that they should have directed their attention more to the stopping of the engine? Was what they did in the emergency in which they thus suddenly found themselves the exercise of that kind and degree of care that men of ordinary prudence would have used in their situation? We think it quite clear that these are questions to be determined by the jury and to be determined from the facts and circumstances as they existed and appeared at the time and not by looking backward and inquiring merely whether or not the event proved that some other course than that pursued would have been more effectual in preventing the injury. Of course, if it be true that all was done that could have been done .to stop the engine, that fact is to be considered, but it is to be made the reason for liability only in case the jury shall find that what was done fell short of the measure of care required by the law.

It is true that such a charge as that in question, applied to some states of fact, would not be subject to the objection made to this, for the reason that those facts might show that there was no other course open to those in charge of an engine but to try to stop

it. Such charges have been presented in cases coming before this court and have not been regarded as objectionable, for the reason that the court always may assume that about which there is no dispute. This can not be said in cases like this where the question is raised by the evidence as to what was best among several courses of conduct and whether or not that which was done was all that ought reasonably to have been expected of persons of ordinary prudence called upon to act in such surroundings. Under the facts in this case, the charge not only determined a question which belonged to the jury, when it assumed that the engine must have been stopped if that could have been done by the means at hand, but, in thus confining the jury to that one question, improperly narrowed the issue. The most complete diligence to stop an engine, while under some conditions constituting all that could be expected, might, under others, be less than the full performance of the duty to exercise the care of an ordinarily prudent person. In some situations warnings and other expedients are more effectual than any effort to stop would be. (Sanches v. San Antonio & A. P. Ry. Co., 88 Texas, 120.) While we are far from any purpose to relax the requirement which the law, for the preservation of life, makes of those controlling agencies in the operation of which is put in peril, we must hold that such requirement is that they exercise the care which persons of ordinary prudence would employ in situations involving such immediate danger, and that the jury are the judges as to what measures of diligence are necessary to constitute that care under given circumstances. It is only when the facts leave no question open for controversy or difference of opinion that the court may assume that a particular course of action is required.

Further objection is made to the charge because it did not require that the employes should have "realized" the danger, but made it suffice to raise the duty defined if they had "reasonable ground to believe and it was apparent to them" that plaintiff was in danger. For practical purposes we think a person must be treated as knowing such a fact when he has reason to believe it and when it is apparent to him. When facts are seen by those operating an engine which ought to produce the conclusion in the ordinary mind, they must act upon them. No other rule could be practically applied.

The seventh special charge requested by defendant is as follows: "If you believe from the evidence in this case that defendant's servants on its engine did all they could to make the plaintiff leave the track and to place the plaintiff into a place of safety and avoid injuring him and that the means they used in doing this, were such means as a person of ordinary care would have used under the same or similar circumstances, you will find for the defendant, although you may believe they did not apply air on the engine or attempt to stop the engine." This is open to one of the criticisms passed upon the charge of the court. It unduly restricts the inquiry, in that it makes sufficient that which defendant's servants did, although they did not attempt to stop the engine, if the means they used "were such means as a person of ordinary care would have used under similar circumstances." It might be true that such a person would

have used such means and at the same time be true that he would also have attempted to stop the engine. To the completeness of a charge constructed as this one is, it is essential that it require that the means used by the servants constituted all that a prudent person would have done.

We do not sustain the contention of plaintiff in error that the court should have directed a verdict for it.

We find nothing else needing discussion.

*Reversed and remanded.*