PECOS & N. T. RY. CO. et al. v. WELSHIMER.   (No. 644.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 24, 1914.)

1. APPEAL AND ERROR (§ 909*)—REVIEW—QUESTIONS OF FACT—EVIDENCE.

In an action for the death of a railway employé, claimed to have been caused by falling from a brake step, due to the presence thereon of wet and slippery paint, where the overshoes which the employé was wearing and the brake platform were introduced for inspection of the jury, but no witnesses testified that there was fresh or undried paint on the board, the evidence was that there was no indication of any one slipping. on the platform, and the witness who had the board for inspection testified that it was then in that condition, though the jury, from an inspection of an article, must of necessity acquire a certain amount of information which they may treat as evidence, the court could not assume, in support of a verdict for plaintiff, that the jury found paint on the board, or indications evidencing a slip, though it appeared that there was paint on the overshoes.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3675; Dec. Dig. § 909.*]

2. NEW TRIAL (§ 72*)—GROUNDS—WEIGHT OF EVIDENCE.

Where there are facts which a jury should pass on, the court should submit the case to them; but if their verdict is not supported by evidence, or is against the great preponderance of the evidence, it should grant a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

3. APPEAL AND ERROR (§ 1177*)—REVIEW—QUESTIONS OF FACT.

While an appellate court must indulge every reasonable presumption in favor of a verdict, if in its opinion the verdict is contrary to the evidence, or against such preponderance of the evidence that it ought not to stand, a new trial must be awarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

4. TRIAL (§ 232*) — INSTRUCTIONS — SUFFICIENCY—"ORDINARY CARE."

In an action for the death of a railway employé, who fell from a car in front of a moving train, an instruction that if, at the time a switchman discovered the presence of deceased upon the track, he used ordinary care to signal the engineer to stop the engine, and if the engineer used ordinary care to bring the train to a stop, to find for defendant, was properly refused, since, while the duty of those operating a train upon the discovery of a person in peril in its path is to use ordinary care, "ordinary care" in such a case consists of a very high degree of diligence, and requires the use of every means

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

in the power of those in charge of the train to prevent injury, and the instruction was not sufficiently full to inform the jury as to the character of diligence required.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 524, 525; Dec. Dig. § 232.*

For other definitions, see Words and Phrases, First and Second Series, Ordinary Care.]

5. MASTER AND SERVANT (§ 291*)—ACTIONS FOR INJURIES — INSTRUCTIONS — ORDINARY CARE.

Though, in an action for the death of a railway employé, who fell in front of a moving train, the facts as to his peril were uncontroverted, a charge should have given the jury the hypothesis upon which they were to measure what would be ordinary care, since it is the duty of the jury to decide what acts under given circumstances constitute ordinary care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

6. MASTER AND SERVANT (§ 291*) — SUFFICIENCY OF EVIDENCE—DISCOVERED PERIL.

In an action for the death of a railway employé, who slipped and fell in front of a moving train, it was not necessary to show by direct and positive evidence that the engineer had knowledge of deceased's peril to justify the submission of discovered peril, if there were facts and circumstances sufficient to create a reasonable belief on the part of the engineer as to deceased's danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1133, 1134, 1136–1146; Dec. Dig. § 291.*]

7. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for the death of a railway employé, who slipped and fell in front of a moving train, an instruction that if a switchman, when he discovered deceased's presence on the track, used ordinary care to signal the engineer to stop, and if the engineer used ordinary care to bring the train to a stop, to find for defendant, was properly refused, as, while this might be all that they could have done, it may not have been all within their power, and ordinarily it should be left to the jury to determine whether they did what ordinary care required, and the thing that should have been done under the circumstances.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

8. TRIAL (§ 256*)—INSTRUCTIONS—NECESSITY OF REQUESTS.

In an action for the death of railway employé, who slipped from a car in front of a moving train, an instruction that if he was employed as engine foreman, and knew that the duties he assumed were dangerous, and if he, in stepping on or off the brake steps, by reason of his negligence allowed his foot to slip off the step, etc., was not necessarily reversible error, though his negligence would in itself diminish the recovery, notwithstanding his ignorance that his duties were dangerous, since defendant should have made a proper request to submit these issues disjunctively, if they should have been so submitted.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

9. MASTER AND SERVANT (§ 296*)—ACTIONS FOR INJURIES—INSTRUCTIONS—CONTRIBUTORY NEGLIGENCE.

While an instruction that contributory negligence will defeat a recovery may not be an error prejudicial to an employé of which he can complain, the better practice is to follow the statute (Vernon's Sayles' Ann. Civ. St. 1914,

art. 5246h), providing that contributory negligence merely diminishes the damage in proportion to such negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1180–1194; Dec. Dig. § 296.*]

10. TRIAL (§ 252*)—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

In an action for the death of a railway employé, alleged to have been due to the failure to discover and remove wet paint on a brake platform, which caused the employé to slip and fall, an instruction which confined defendant's negligence to the negligence of the employés operating and controlling a switch train was properly refused, where there was no evidence that it was the duty of the switching crew to inspect the cars.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

11. MASTER AND SERVANT (§ 248*)—ACTIONS FOR INJURIES—INJURIES AVOIDABLE NOTWITHSTANDING CONTRIBUTORY NEGLIGENCE.

Contributory negligence on the part of a railway employé, who slipped and fell in front of a moving train, would neither defeat a recovery nor diminish the amount thereof, if those in charge of the train discovered his peril in time to have prevented the injury, since, upon discovering the danger, a new duty arose, and the failure to use ordinary care to discharge that duty rendered the employer liable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 801–804; Dec. Dig. § 248.*]

12. TRIAL (§ 194*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction which was on the weight of the evidence, and in the nature of a comment on the effect which should be given the testimony, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

Appeal from District Court, Potter County; Jas. N. Browning, Judge.

Action by Elta Welshimer, administratrix, against the Pecos & Northern Texas Railway Company and another. From a judgment for plaintiff, defendants appeal. Reversed for new trial.

Terry, Cavin & Mills, of Galveston, and Madden, Trulove & Kimbrough and F. M. Ryburn, all of Amarillo, for appellants. Synnott & Underwood, of Amarillo, for appellee.

HUFF, C. J. This is an appeal from a judgment for the sum of $4,250, in favor of appellee, administratrix, as damages, resulting from the death of F. G. Welshimer, her husband, against the appellants, the Pecos & Northern Texas Railway Company and the Southern Kansas Railway Company of Texas. The trial court submitted two of the grounds upon which appellee relied for the right of recovery: (1) That the deceased, F. G. Welshimer, fell from a brake step and was caused to fall therefrom because of the wet, undried, and slippery paint thereon, and that the paint thereon at the time was wet, undry, and slippery, and was thereby rendered unsafe and dangerous for use, and that the appellants were negligent in failing to discov-

er the unsafe and dangerous condition of said step in time to have removed such wet and slippery paint, and in failing to discover and remove such paint before the deceased stepped thereon; and (2) after deceased fell from the step to the ground in front of the moving train that he was in a dangerous and perilous position, and that appellants' servants in charge of and operating the train discovered and knew of his dangerous and perilous position in time to have stopped the train and prevented his injury and death by the use of the means at their command, and by the exercise of ordinary care.

[1] Appellants asked the court to peremptorily instruct the jury to return a verdict in their favor, excepted to the general charge of the court, and assigned error to the action of the court in refusing to grant a new trial, because they assert there is no evidence in the record authorizing a recovery. In this case the overshoes, which the deceased was wearing at the time he was killed, together with the brake platform, were introduced for the inspection of the jury. Counsel for appellee assert:

"The overshoes and the step being before the jury and not before this court, and showing at least some fresh paint, this court must presume that they in themselves were sufficient to prove that fresh paint caused the fall."

We are unable to find in the testimony of the witnesses who described the appearance of the board before the jury that there was fresh or undried paint on the board. The record indicates that by the question propounded counsel assumed that there was wet or undried paint, but the witness denies the condition suggested. The question here presented by counsel has been one of embarrassment to the appellate courts. Where *real* evidence has been resorted to, as in this case, and the verdict of the jury has been assailed because the evidence does not support it, should the verdict, having for its support only the view of the jury, be permitted to stand, when it is contrary to other evidence, or not supported by other evidence? "Where the existence or external quality or condition of a material object are in issue, or are relevant to the issue, the inspection of the thing itself produced before the tribunal is always proper." Wigmore on Evidence, § 1151. The courts of this state have in various cases recognized this rule. Hays v. Gainesville, etc., 70 Tex. 602, 8 S. W. 491, 8 Am. St. Rep. 624; Linch v. Paris Lumber Co., 80 Tex. 23, 15 S. W. 208; Gulf, C. & S. F. Ry. Co. v. Boyce, 39 Tex. Civ. App. 195, 87 S. W. 395; St. Louis & S. F. Ry. Co. v. Mathis, 101 Tex. 342, 107 S. W. 530.

We think a jury, from an inspection of an article, must of necessity acquire a certain amount of information which they may treat as evidence in the case. Thompson on Trials (2d Ed.) § 902, suggests that a true solution of this difficult question is that cases of this character stand on appeal or error on a special footing; that although what jurors may have learned through view is evidence to be considered by them, yet, on the ground of public policy, a reviewing court should set aside a verdict based purely on view, unless it is supported by substantial testimony delivered by sworn witnesses. It is necessary to have at least the testimony of one sworn witness. This view of the question is supported by some of the courts. City of Topeka v. Martineau, 42 Kan. 387, 22 Pac. 419, 5 L. R. A. 775, and we think the Massachusetts courts hold substantially the same. Tully v. Fitchburg Ry., 134 Mass. 499. In order to support the verdict in this case, wet and slippery paint must be shown to have been on the brake platform at the time deceased fell. The evidence is that there was no indication of one slipping on the brake platform. The witness who had the board at the trial for inspection testified that it was then in that condition. It is possible for the jury to have found that the condition of the board was not as described at the trial, but it is not at all probable. If the witness had not correctly stated its then condition, appellee could easily have shown that fact by sworn testimony. We do not believe we are authorized to assume that the jury found the board at the trial with wet or undried paint, or indications on its surface of a step in such paint, evidencing a slip, simply because of the verdict of the jury. The fact that deceased had paint on his foot does not, we believe, authorize the inference that there was paint on the step, and from that inference authorize the presumption that appellant was negligent in failing to discover and remove it.

[2, 3] We believe the trial court in this case should have granted a new trial. The appellants had a right to a trial by a jury, and, if there are facts which a jury should pass on, it was the duty of the court to submit it for their findings; but if their verdict is not supported by the evidence, or is against the great preponderance of the evidence, it was the duty of the trial court to grant a new trial. It is our duty to indulge every reasonable presumption in favor of the verdict of the jury and the action of the trial court, and, having done so, if in our opinion the verdict is contrary to the evidence, or against such a preponderance of the evidence that in our opinion it ought not to stand, it is then our duty to award a new trial. After a careful perusal of the evidence in this case, we are forced to the conclusion that the verdict should not stand. Patrick v. Smith, 90 Tex. 267, 38 S. W. 17. We do not feel that we should hold as a matter of law in this case that there is no evidence, but we do hold the verdict contrary to the evidence, and against such a preponderance of the evidence that our duty is clearly to award a new trial.

That part of the fourth assignment assailing the fourth paragraph of the court's

charge on discovered peril, and the proposition thereunder, will be overruled. Ft. Worth & R. G. R. Co. v. Bowen, 95 Tex. 364, 67 S. W. 408.

[4, 5] The fourth assignment further presents error to the action of the court in refusing specially requested charge No. 8, which is:

"You are instructed that, if you believe and find from the evidence that at the time switchman F. C. Smith discovered the presence of Welshimer upon the track he used ordinary care to signal the engineer to stop the train, and further find that after the receipt of such signal the engineer used ordinary care to bring the train to a stop, and find they were not in other respects guilty of negligence, then you will find for defendant."

Under the facts of this case, we believe the court correctly refused this instruction. The duty of those operating a train, upon the discovery of a person in peril in its path, is to use ordinary care, but in such instance the standard of duty requires greater diligence than in ordinary cases; that is, in a situation of such imminent peril, ordinary care would consist in a very high degree of diligence. Railway Co. v. Hodges, 102 Tex. 524, 120 S. W. 848. This requested charge, instructing the jury, if the brakeman discovered Welshimer upon the track, and used ordinary care, etc., is not in our opinion full enough to inform the jury of the circumstances from which they are to determine the character of diligence required. If they should find that Welshimer was upon the track, and no more, the jury would likely determine a less degree of diligence was required in order to constitute ordinary care than they would if they had found the switchman then knew of his peril. If the switchman, when he discovered the deceased on the track, then knew of his peril, ordinary care required a high degree of diligence, which the courts of this state hold imposed the duty of using every means in the power of the operators to prevent injury. Railway Co. v. Breadow, 90 Tex. 26, 36 S. W. 410; Railway Co. v. Staggs, 90 Tex. 458, 39 S. W. 295. The same criticism may be applied to that portion of the charge referring to the engineer. It may be contended that the facts in this case were uncontroverted as to the peril of the deceased. If so, yet the charge should have given the jury the hypothesis upon which they were to measure what would then be ordinary care, since it is their duty to decide what acts, under given circumstances, constitute ordinary care.

[6] There is no direct evidence that the engineer then knew of the peril of the deceased. To establish such knowledge by this record, resort must be had to the facts and circumstances then surrounding the engineer. As we understand, one of the appellants' contentions is that there is no evidence showing such knowledge on the part of the engineer. Our Supreme Court, in the case of Railway Co. v. Reynolds, 103 Tex. 31, 122 S. W. 531, said:

"Further objection is made to the charge because it did not require that the employés should have 'realized' the danger, but made it suffice to raise the duty defined if they had 'reasonable ground to believe and it was apparent to them' that plaintiff was in danger. For practical purposes we think a person must be treated as knowing such a fact when he has reason to believe it and when it is apparent to him. When facts are seen by those operating an engine which ought to produce the conclusion in the ordinary mind, they must act upon them. No other rule could be practically applied."

Again, the Supreme Court, in discussing the evidence necessary in cases of this kind, said:

"To make a case on this theory, there must be affirmative evidence, direct or circumstantial, tending to show knowledge of the fall." Railway Co. v. Haltom, 95 Tex. 112, 65 S. W. 625.

So we take it there need not be direct and positive evidence to show knowledge, but it will be sufficient to submit the question if there are facts and circumstances sufficient to create a reasonable belief on the part of the engineer of the danger of the deceased. If, however, the jury should find the engineer did not know of the danger in time to have averted the injury, appellee cannot recover if the switchman did all he could then do, and used all the means then at hand, to avert the injury. The cases cited by appellee we do not think contrary to this holding. In Railway Co. v. Hodges, supra, the fireman knew of the danger. The engineer did not; but the fireman took no precaution to prevent the injury. The railway company was held liable because of the fireman's failure to use ordinary care. In the case of Railway Co. v. Scarborough, 104 S. W. 408, Frank Ash, the switchman, knew of the danger in time to have stopped the train, but made no effort to do so; the engineer did not know of the danger. In that case the railway company was held liable for the want of ordinary care on the part of the switchman. The negligence in these two cases was that of the fireman and switchman, which authorized the recovery.

[7] We are not disposed to approve charge No. 8, on the further ground that the jury were told, if the switchman used "ordinary care to signal," and the engineer "to bring the train to a stop." This may be all they could have done, or it may not. It may have been all within their power. As a rule this should be left to the jury, whether they did what ordinary care required and the thing that should have been done under the circumstances. Railway Co. v. Reynolds, 103 Tex. 31, 122 S. W. 531.

[8] The fifth assignment assails the seventh paragraph of the court's charge. The court instructed the jury:

If you believe Welshimer "was employed as engine foreman, and that he knew that the duties he assumed were dangerous, and that he, in stepping on or off the brake step of the car, by reason of negligence on his part, allowed his foot to slip off the said brake step," etc.

If the deceased was negligent in stepping on or off, or in letting his foot slip off the

brake step, he would be guilty of contributory negligence, which, if it concurred with the negligence of the appellant, would diminish the recovery. This would be true, whether he knew or did not know the duties he assumed were dangerous. This charge, however, is not necessarily reversible error. If the issues should have been submitted disjunctively, appellants should have made a proper request therefor. Railway Co. v. Hill, 95 Tex. 629, 69 S. W. 136.

[9] Complaint is also made that the charge is defective because the jury were instructed a recovery could not be had if deceased was guilty of contributory negligence. Contributory negligence is not a defense which would defeat recovery, but it will diminish the damage in proportion to the amount of negligence attributable to such employé. Article 5246h, Vernon's Sayles' Ann. Civ. St. 1914. We believe, however, the courts have held that a charge to the effect that contributory negligence will defeat recovery is such an error as does not injure the employer, and of which he cannot complain. The better practice, however, is to follow the statute and the rule allowing the diminution of damages for contributory negligence.

[10, 11] The sixth assignment of error is on the refusal of the court to give the sixth special charge. This charge was properly refused, for the reason that it confined the negligence to the employés operating and controlling the switch train. The negligence alleged and submitted to the jury was the failure to discover and remove wet paint on the brake platform. There is no fact showing there was any duty on the switching crew to inspect the cars. The charge, if it had confined the contributory negligence to those alleged and which concurred therewith, gave the proper rule for diminishing the damages. We think one or the other of special charges set out under assignment No. 7 should have been given.

We wish to call attention to the error in paragraph 7 of the court's charge against appellee, that portion of which is, after stating if deceased was guilty of contributory negligence, the jury were instructed:

"You will find for the defendants, notwithstanding you may believe that defendants' agents and servants were guilty of negligence in failing to use ordinary care to discover the wet and slippery paint, if any, on the brake platform in question, and that they were guilty of negligence in failing to stop the train in time to prevent his injury, after he fell from the brake step."

Contributory negligence on the part of the deceased would not defeat a recovery, if the employés discovered the peril of the deceased within time to have prevented his injury or death; and we believe, also, this would be true with reference to diminishing the recovery. Upon discovering the danger a new duty arises, and the failure to use ordinary care to discharge that duty renders the principal liable. The eighth assignment is overruled.

[12] The ninth assignment we think should be overruled, because the requested charge is on the weight of the evidence, and is in the nature of a comment on the effect which should be given the testimony.

The tenth assignment is overruled.

The eleventh assignment is overruled. The facts stated by Catron as to his experience in handling an engine we believe were sufficient to authorize him to give an opinion as to the distance in which an engine could be stopped.

The twelfth assignment is overruled. We think there was no error in overruling appellants' plea in abatement.

The case will be reversed, for the reasons above set out.