## PARIS TRANSIT CO. v. FATH.
### (No. 248–3447.)

(Commission of Appeals of Texas, Section A. June 22, 1921.)

**1. Street railroads ⚎90(4)—Motorman should use ordinary care to avoid collision.**

The motorman of a street car, after discovering the peril of the driver of a horse and buggy on the track, is required only to exercise that degree of care which a person of ordinary prudence would use under the same or similar circumstances, by the use of all the means at his command consistent with the safety of the car and its passengers, to avoid the injury, and is not under absolute duty, after discovering the peril, to stop the car by the use of all the means at his command consistent with the safety of car and passengers.

**2. Street railroads ⚎117(11)—Motorman's negligence jury question.**

In suit against a street railroad for injuries to plaintiff buggy driver struck by a car, it is for the jury to determine what measure of diligence is necessary on the part of the motorman to constitute the required care on his part to avoid injury to plaintiff after discovering his peril.

**3. Trial ⚎194(17)—Court should have left jury free to decide whether motorman exercised requisite care.**

In suit against a street railroad for injuries to plaintiff buggy driver struck by a car, the trial court should not have instructed the jury under the circumstances that it was the duty of the motorman to have done any particular thing to avoid the injury after discovering plaintiff's peril, but should have left the jury free to decide whether he exercised the requisite care to avert injury to plaintiff after discovering him.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by C. F. Fath against the Paris Transit Company. From judgment for plaintiff, defendant appealed to the Court of Civil Appeals, which affirmed (216 S. W. 482), and defendant brings error. Judgments of the Court of Civil Appeals and of the trial court reversed, and cause remanded for new trial.

Templeton, Beall, Williams & Callaway, of Dallas, for plaintiff in error.

John White and Marcus M. Parks, both of Dallas, for defendant in error.

SPENCER, J. Defendant in error, C. F. Fath, sued plaintiff in error, Paris Traction Company, a corporation, and recovered judgment against it for the alleged negligent injury of defendant in error, after having discovered him upon its track in a position of peril. Upon appeal the judgment was affirmed. 216 S. W. 482.

The facts proven by defendant in error in support of the judgment are that, while defendant in error was crossing plaintiff in error's street car track at the intersection of Washington Avenue in Paris, Tex., in a horse-drawn vehicle, the horse became ungovernable, and that plaintiff in error's motorman, in charge of one of its motorcars, saw defendant in error's perilous condition when 225 feet distant from the street inter-

section, and in ample time to have stopped the car, but that he made no attempt to do so, and as a result of which struck the buggy, which was upon the street car track, throwing defendant in error therefrom, and injuring him.

Plaintiff in error's motorman testified that he saw defendant in error and the horse and buggy upon the track when 100 feet or more distant, but made no effort to stop the car; that when within 40 or 50 feet of defendant in error—at which time the buggy had cleared the track by two or three feet—he wound the slack in his brake in order to be prepared to stop the car. He also testified that the front end of the car passed the horse and buggy in safety, and that the horse backed into the car.

Upon the issue of discovered peril, the court charged the jury as follows:

"If you find and believe from the evidence in this case that the balking, fright, or ungovernable disposition of the horse driven by the plaintiff or his companion on the occasion of the accident in question placed the plaintiff upon the defendant's track in a buggy and in a position of peril from the approach of the defendant's street car to the place of the accident; and if you further find and believe from the evidence that the defendant's motorman, as he approached the place of the accident in charge of defendant's car, actually discovered the peril of the plaintiff in time to have stopped the car and have avoided the accident by the use of all the means at the motorman's command, consistent with the safety of the car and its passengers; and that said motorman, after discovering such peril of the plaintiff, if you find he did discover the same, failed to stop said car, and that such failure, if any, to stop the said car proximately resulted in any injury or damage to the plaintiff. * * *"

[1, 2] The charge quoted makes it the absolute duty of the motorman, after discovering the perilous situation of defendant in error, to stop the car by the use of all the means at his command consistent with the safety of the car and its passengers. This was error. The motorman was only required, after discovering defendant in error's peril, to exercise that degree of care which a person of ordinary prudence would have used under the same or similar circumstances by the use of all the means at his command consistent with the safety of the car and its passengers to avoid the injury. That degree of care is all that any one owes to another, except when special relations exist. The degree of diligence constituting this care may, and often does, vary in the different instances. The degree of diligence to be used must be in proportion to the danger. It is for the jury, however, to determine what measure of diligence is necessary in a given case to constitute the required care. M., K. & T. Railway Co. of Texas v. Reynolds, 103 Tex. 31, 122 S. W. 531.

[3] The charge under consideration utterly ignores this standard of care, by imposing upon the motorman the absolute duty to stop the car without regard to whether, in the exercise of the degree of care which the law requires, it was incumbent upon him to do so. The court thus invaded the province of the jury, and determined for them a question which they should have determined. The court should not, under the circumstances, have instructed the jury that it was the duty of the motorman to have done any particular thing to avoid the injury, but should have left the jury free to decide whether he exercised the requisite care to avert injuring the defendant in error after discovering him.

As pointed out by Judge Williams in Railway v. Reynolds, supra, some charges reviewed by the Supreme Court requiring the doing of particular things have been held unobjectionable because the instruction complained of exacted no more than the doing of that which obviously was necessary in the particular instance, or about which there was no dispute as to what should have been done under certain circumstances; but the holding based upon such a state of facts is not authority for holding the charge here complained of unobjectionable. It cannot be said that the evidence was undisputed that the motorman should have stopped the car, nor can it be said that obviously it was his duty, as a matter of law, to have stopped the same. He testified:

"I never set my brakes. I didn't set my brakes ahead of time because I had a clear track. I did say that I discovered the unruly condition of the horse when I was 100 feet from the place of the accident. It is like I told you, when I got within 40 or 50 feet of the buggy, it had cleared the track. My contention is that the back end of the buggy ran into me, and that I never ran into the buggy with my car."

Under the evidence, the court should have left it to the jury to determine whether the motorman, in the exercise of due care, by the use of all the means at his command commensurate with the safety of the car and its passengers, exercised that degree of diligence which a person of ordinary prudence would have exercised to avert injuring the defendant in error.

We recommend, therefore, that the judgment of the Court of Civil Appeals and of the district court be reversed, and the cause remanded to the district court for a new trial.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.