SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. MRS. F. E. HODGES ET AL.

Decided March 10, 1909.

**Discovered Peril—Negligence—Charge.**

A charge which imposed a liability for negligence on defendant railway, in case of imminent peril to one discovered on the track by the engineer, if he, by the use of the means at his command, could have stopped the engine before striking such person, but failed to do so, was not erroneous in requiring a higher degree of care than the law imposed.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*A. W. Houston, R. J. Boyle* and *Baker & Thomas,* for appellant.— The engineer was only required to exercise ordinary care to stop the engine. Railway Co. v. McMillan, 100 Texas, 562; Beatty v. Railway Co., 91 S. W., 367. The use of all means at his command is too high a degree of care. Railway v. Hartnett, 48 S. W., 775, and authorities cited; Railway Co. v. Bowen, 95 Texas, 366.

*J. E. Yantis,* for appellees.—Every effort in their power to avert the accident and stop the engine would have been the exercise of such care as an ordinary prudent man would have used in like circumstances. Missouri, K. & T. Ry. Co. v. Stone, 23 Texas Civ. App., 111; Houston & T. C. Ry. v. Wallace, 53 S. W., 78-9; 21 Texas Civ. App., 395; International & G. N. Ry. v. Jackson, 41 Texas Civ. App., 51; St. Louis S. W. Ry. Co. v. Jacobson, 66 S. W., 1114; 28 Texas Civ,

App., 150; Ft. Worth & R. G. Ry. v. Bowen, 95 Texas, 366; Texas & P. Ry. Co. v. Staggs, 90 Texas, 461; Texas & P. Ry. Co. v. Breadow, 90 Texas, 30-31; Gulf, C. & S. F. Ry. v. Lankford, 88 Texas, 503-4; Missouri, K. & T. Ry. v. Magee, 92 Texas, 621; International & G. N. Ry. v. Sein, 89 Texas, 67; St. Louis S. W. Ry. Co. v. Bishop, 14 Texas Civ. App., 508; International & G. N. Ry. Co. v. Munn, 46 Texas Civ. App., 276; North Texas Trac. Co. v. Mullins, 44 Texas Civ. App., 566; St. Louis S. W. Ry. Co. v. Summers, 111 S. W., 213-14; Houston & T. C. Ry. v. Finn, 107 S. W., 100; Texas & P. Ry. v. Patterson, 46 Texas Civ. App., 292; Johnson v. T. & G. Ry., 45 Texas Civ. App., 146; De Palacios v. Rio Grande Ry. Co., 45 S. W., 612-13.

KEY, ASSOCIATE JUSTICE.—Mrs. F. E. Hodges, in her own behalf, and as next friend of her minor children, brought this suit against the San Antonio & Aransas Pass Railway Company, seeking to recover damages on account of the death of her husband I. J. Hodges, which was caused by his being run over and killed by one of the defendant's cars.

The defendant's answer embraced a general demurrer, general denial, assumed risk, contributory negligence, and accident. There was a jury trial, which resulted in a verdict and judgment for the plaintiffs for $8,000, and the defendant has appealed.

The verdict of the jury involves findings to the effect that the defendant was guilty of negligence, as alleged, and failed to exercise the care imposed upon it by law for the protection of I. J. Hodges, who was its employe; that said Hodges was not guilty of such negligence as would preclude a recovery by the plaintiffs; that his death was not caused by a risk assumed by him, nor by inevitable accident, but was caused by the negligence and wrongful conduct of the defendant, and that as a result of his death the plaintiffs sustained pecuniary injury to the extent awarded by the verdict.

There was testimony before the jury sufficient to support the findings referred to, and they are here adopted by this court, and the first and second assignments of error, which assail the verdict of the jury and complain of the refusal of a requested instruction directing a verdict for the defendant, are therefore overruled.

On the subject of imminent danger and discovered peril, the court instructed the jury as follows: "If you believe from the evidence that after the defendant's fireman on said engine first saw deceased upon the track in front of said car, that he discovered deceased would probably not get off the track before the car reached him, and was in imminent peril of being struck by said car a sufficient length of time before he was struck to have signaled the engineer to stop the engine, and that said engineer (after receiving such signal, had it been given) could then have, by the use of the means at his command, stopped said engine and car after said fireman had discovered that deceased was in such peril, if you so find, before said injuries which caused the death of deceased were inflicted upon him, then you will find for the plaintiffs (although you may believe that the deceased was guilty of negligence himself in not discovering the approach of said car, or

getting off said track, as charged above, or was guilty of negligence in any of the respects mentioned in special charges given, or that the danger of being injured thereby was one of the risks which he assumed in accepting employment with the defendant) ; but if you believe the fireman signaled the engineer to stop as soon as he discovered that the deceased would probably not get off the track before being struck by the approaching car, and that he was in imminent peril of being struck thereby, and that the engineer could not then, by the use of all the means at his command, stop said car and engine before the injury to deceased was committed, then if you so find, plaintiffs can not recover under this paragraph."

The charge quoted is assailed by appellant, one of the contentions being that it was only required to exercise ordinary care to prevent injuring Hodges after it discovered his perilous situation, and that the charge in question imposed upon it a different and higher degree of care. Houston & T. C. R. Co. v. Smith, 52 Texas, 178; International & G. N. Ry. Co. v. McDonald, 75 Texas, 41; International & G. N. Ry. Co. v. Garcia, 75 Texas, 590, and Austin & N. W. Ry. Co. v. McSween, 32 S. W., 377, tend to support appellant's contention; but since those cases were decided the doctrine of the new duty arising upon the discovery of imminent peril has been more fully discussed and developed by our Supreme Court, and it is now well settled by that court that the rule of law is substantially as stated in the charge complained of, and this and other courts have followed the later decisions. Dallas Con. Elec. St. Ry. Co. v. Conn, 100 S. W., 1021; Galveston, H. & S. A. Ry. v. Murray, 99 S. W., 149; Missouri, K. & T. Ry. Co. v. Stone, 23 Texas Civ. App., 111; Houston & T. C. Ry. Co. v. Wallace, 21 Texas Civ. App., 394; International & G. N. Ry. v. Jackson, 41 Texas Civ. App., 51; St. L. S. W. Ry. Co. v. Jacobson, 28 Texas Civ. App., 150; Texas & P. Ry. Co. v. Staggs, 90 Texas, 461; Texas & P. Ry. Co. v. Breadow, 90 Texas, 30; Gulf, C. & S. F. Ry. Co. v. Lankford, 88 Texas, 503; Missouri, K. & T. Ry. Co. v. Magee, 92 Texas, 621; International & G. N. R. Co. v. Sein, 89 Texas, 67; St. Louis S. W. Ry. Co. v. Bishop, 14 Texas Civ. App., 508; International & G. N. R. R. Co. v. Munn, 46 Texas Civ. App., 276; North Texas Traction Co. v. Mullins, 44 Texas Civ. App., 566; St. Louis S. W. Ry. Co. v. Summers, 111 S. W., 213; Houston & T. C. R. R. Co. v. Finn, 107 S. W., 100; Texas & P. Ry. Co. v. Patterson, 46 Texas Civ. App., 292; Johnson v. Texas & G. Ry., 45 Texas Civ. App., 146; De Palacios v. Rio Grande Ry., 45 S. W., 612.

There are other assignments of error addressed to the charge of the court, and to the refusal of requested instructions, all of which are overruled. The court's charge was reasonably full and fair and many instructions requested by appellant were given, and, when considered together, we hold that appellant has no ground of complaint in the particulars pointed out in its brief.

This disposes of all the questions presented for decision, and finding no reversible error we conclude that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

Writ of error refused.