## SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. R. E. HODGES ET AL.

Application No. 6364. Decided June 24, 1909.

**1.—Negligence—Discovered Peril—Degree of Care.**

Refusing a writ of error herein, the degree of care required of those operating an engine and discovering a person in peril, in its path, is that of ordinary care, but that is that care which persons of ordinary prudence would use in their situation. Imminent peril requires a very high degree of diligence to avert injury. (Pp. 525, 526).

**2.—Same—Charge.**

A charge on negligence, in case of discovered peril, which is addressed to the particular things that should have been done, is unobjectionable if it exacts no more than the doing of that which obviously was necessary in the particular situation. Where the question whether the fireman realized plaintiff's perilous situation in time to have prevented striking him is left to the jury, the fact that, if he did, he ought to have had the engine stopped does not admit of question. (Pp. 525, 526.)

Application for writ of error to the Court of Civil Appeals for the Third District, on appeal from McLennan County.

Mrs. Hodges and others, the widow and children of I. J. Hodges, sued the railway company for negligently causing his death. Defendant appealed from a judgment in their favor, and on its affirmance applied for writ of error.

*R. J. Boyle* and *Baker & Baker,* for applicant.—The court erred in instructing the jury as follows: "If you believe from the evidence that after the defendant's fireman on said engine first saw deceased upon the track in front of said car, that he discovered deceased would probably not get off the track before the car reached him and was

in imminent peril of being struck by said car, a sufficient length of time before he was struck, to have signalled the engineer to stop the engine, and that said engineer (after receiving such signal, had it been given) could then have, by the use of the means at his command, stopped said engine and car after said fireman had discovered that deceased was in such peril, if you so find, before said injuries which caused the death of deceased were inflicted upon him, then you will find for the plaintiffs (although you may believe that the deceased was guilty of negligence himself in not discovering the approach of said car, or getting off said track, as charged above, or was guilty of negligence in any of the respects mentioned in special charges given, or that the danger of being injured thereby was one of the risks which he assumed in accepting employment with the defendant). But if you believe the fireman signalled the engineer to stop as soon as he discovered that the deceased would probably not get off the track before being struck by the approaching car, and that he was in imminent peril of being struck thereby, and that the engineer could not then, by the use of all the means at his command, stop said car and engine before the injury to deceased was committed, then if you so find, plaintiff can not recover under this paragraph." The engineer was only required to exercise ordinary care to stop the engine. San Antonio & A. P. Ry. v. McMillan, 102 S. W., 104; Beaty v. El Paso Electric Ry. Co., 91 S. W., 367. The use of all means at his command is too high a degree of care. Houston & T. C. Ry. v. Hartnett, 48 S. W., 775; Fort Worth & R. G. Ry. v. Bowen, 95 Texas, 366.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

We think it proper to say that we agree with counsel for plaintiff in error in their contention that the duty of those operating an engine and discovering a person in peril in its path is to exercise ordinary care, that is, such care as persons of ordinary prudence in their situation would use, to avoid injury. The difference in the expressions on the subject found in the decisions is due to the fact that some of them state this legal standard of duty while others describe the diligence to be employed to constitute such ordinary care— the performance of the duty. In situations of such imminent peril the care of an ordinarily prudent person consists of a very high degree of diligence to avert injury, and the decisions discussing the question mean this rather than that more than ordinary care is exacted by law. That degree of care is all that anyone owes to another, except when certain special relations exist. The jurors trying a case are the judges as to what constitutes this ordinary care, and abstractly, it is improper for the court in its charge to decide for them just what should or should not have been done by the party whose conduct is under investigation. But it is also often true that a charge that is addressed to the particular things that should have been done rather than to the legal standard of duty is unobjectionable because, practically viewed, it exacts no more than the doing of that which obviously was necessary under the facts of the particular situation to constitute the care required, and therefore does

not invade the province of the jury. But whenever a real question exists under evidence, whether or not precautions should have been taken other and different from those which the party judged to be sufficient and therefore took, that question is for the jury to decide by applying the standard of care of a person of ordinary prudence, and it should be left to the jury by the charge. In this case the charge made the defendant liable, if the fireman discovered the peril of the deceased and could have signalled the engineer in time for the latter to have averted the accident by stopping the engine. Under the facts of this case the charge assumed nothing about which there could be any question. The fireman, but not the engineer, saw the deceased at work on the track for a long distance as the engine approached him, but took no precaution until too late, assuming that deceased would get out of the way. The true question was submitted to the jury and was, did the fireman soon enough realize the perilous situation to have prevented the catastrophe, and not what measures he ought to have taken to that end. That if he discovered the danger, he ought to have had the engine stopped, admits of no question.

*Application refused.*