GALVESTON, H. & S. A. RY. CO. v. TEMPLETON.   (No. 5449.)

(Court of Civil Appeals of Texas. San Antonio. March 24, 1915. Rehearing Denied April 21, 1915.)

1. RAILROADS ⬢⟿348—ACCIDENT AT CROSSING—SUFFICIENCY OF EVIDENCE—NEGLIGENCE.

Evidence, in an action for the death of mules and injuries to a wagon at a railroad crossing, *held* to show defendant's negligence either in running its train at a reckless speed or in making but a slight attempt to stop the train when the mules and wagon were seen on the track.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1138–1150; Dec. Dig. ⬢⟿348.]

**2. APPEAL AND ERROR ⚜742—PROPOSITION —SUFFICIENCY.**

A proposition stating that "the portion of the charge complained of is so indefinite, confusing, and misleading that the jury could not possibly have comprehended the law attempted to be presented therein," without indicating wherein it was indefinite, will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⚜742.]

**3. RAILROADS ⚜351—ACCIDENT AT CROSSING —INSTRUCTION—ISSUE.**

In an action for damages for the death of mules and injuries to a wagon at defendant's crossing, wherein the evidence tended to show that the peril of the mules was discovered by defendant's engineer, who could have stopped the train if he had not been running at a high speed, and that the train had not slackened its speed when it reached the crossing, an instruction on the issue of discovered peril was properly given, and as the engineer could not have prevented the injury, except by stopping the train or slackening its speed, was not objectionable for mentioning those matters.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1211, 1213–1215; Dec. Dig. ⚜351.]

**4. APPEAL AND ERROR ⚜882—PARTY ENTITLED TO ALLEGED ERROR—INVITED ERROR.**

The defendant could not complain of a charge, if erroneous, where it had requested a charge to the same effect.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. ⚜882.]

**5. TRIAL ⚜253—INSTRUCTION—IGNORING ISSUE.**

In an action for damages for the killing of plaintiff's mules at a crossing, where the plaintiff's testimony showed that, if the train had slackened its speed, the wagon would not have been struck, a charge ignoring the question of slowing down the train was objectionable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. ⚜253.]

**6. TRIAL ⚜260 — INSTRUCTIONS — REQUESTED INSTRUCTION.**

Where the charge presented the issue of contributory negligence, it was not error to refuse a special requested charge thereon.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⚜260.]

Appeal from Harris County Court, at Law; Clark C. Wren, Judge.

Action by H. W. Templeton against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, Lane, Wolters & Storey, and Paul Kayser, all of Houston, for appellant. Love, Channell & Fouts, of Houston, for appellee.

FLY, C. J. This is a suit for damages, instituted by appellee, arising out of the death of two mules and injuries to a wagon, inflicted by a moving train of appellant at a crossing on a public road. A trial by jury resulted in a verdict and judgment in favor of appellee for $402.

The grounds of negligence were a failure to give signals of the approach of the train by bell or whistle, excessive speed, and failure to exercise ordinary care to prevent injury to the mules and wagon when their peril was discovered. The evidence indicated that the train was running at a high rate of speed when approaching a town and a public crossing which was in constant public use. There was evidence tending to show that the bell was not rung nor the whistle sounded when the train approached the crossing.

[1] The first and third assignments of error are disposed of by our conclusions of fact. The evidence showed that the train consisted of three day coaches and three Pullman coaches, about 400 feet in the aggregate in length, and the engine and tender, 60 feet in length, giving a train length of between 450 and 500 feet. The engineer saw the mules on the track when they were about 400 feet from the engine, and, although he swore he did all he could to stop the train, the engine went the train's length, 450 or 500 feet, beyond the crossing before it was stopped. The engineer swore that the train, when running at a rate of 40 miles an hour, could be stopped in 500 or 600 feet, but on this occasion it went from 900 to 1,000 feet before it was stopped. This shows that train must have been moving at a fearful and reckless rate of speed, or very slight attempt was made to stop the train when the mules and wagon were seen on the track. In either event, appellant was negligent. The track was level. Timber obstructed the view of drivers of wagons approaching the crossing.

[2] The second assignment of error is too indefinite to be considered. The proposition is fully as indefinite as the assignment. A proposition is obscure that states:

"The portion of the charge complained of is so indefinite, confusing, and misleading that the jury could not possibly have comprehended the law attempted to be presented therein."

Wherein the charge was "indefinite, confusing and misleading" is not indicated in assignment, proposition, or statement. Similar assignments of error and propositions have been condemned. Railway v. Vollrath, 40 Tex. Civ. App. 46, 89 S. W. 279; Railroad Co. v. Boothe, 126 S. W. 700; Railway v. Averill, 136 S. W. 98.

[3, 4] The fourth assignment of error is overruled. The charge of which complaint is made is not open to the attack made upon it. There was testimony tending to show that the peril of the mules and wagon was discovered by appellant, and the charge properly submitted the issue to the jury. If there had been error in the charge, appellant should not complain, because it requested a charge embodying the very things of which it now complains. Under the facts of this case, however, the charge was correct. Appellant could not have prevented the collision in any way, except by stopping the train or slackening its speed, and there could

be no objection to the charge mentioning those matters. If there had been any other means of preventing the collision suggested by the evidence, there might be some grounds for objection to the charge. Railway v. Reynolds, 103 Tex. 31, 122 S. W. 531; Railway v. Hodges, 102 Tex. 524, 120 S. W. 848; Railway v. Hodges, 54 Tex. Civ. App. 364, 118 S. W. 767.

The evidence was uncontradicted that the engineer had actual knowledge of the peril of the mules and wagon, and that he could have stopped the train if he had not been running at a fearful rate of speed; and the evidence clearly indicates that the train could have slowed down so as to give the mules an opportunity to leave the track. There is nothing to indicate that the train had slackened its speed when it reached the crossing, for, if the evidence of the engineer is true, he could, at the speed he claims he was making, have stopped the train in the distance passed over after it went by the crossing.

[5] The charge, whose refusal is complained of in the fifth assignment of error, ignored the question of slowing down the train altogether, and was therefore objectionable. The testimony of appellee shows that, if the train had slackened its speed, the wagon would probably have left the track before it was struck. The charge of the court fairly and fully presented the law of discovered peril. The fifth assignment is overruled.

[6] The issue of contributory negligence on the part of the driver of the wagon was clearly presented by the charge of the court, and it was not error to refuse the special charge on that subject requested by appellant. The jury was justified in finding that the driver of the mules was not guilty of contributory negligence.

The judgment is affirmed.

---

&#8680;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes