SAN ANTONIO & A. P. RY. CO. v. McGILL et al. (No. 5819.)

(Court of Civil Appeals of Texas. Austin. Nov. 7, 1917. Rehearing Denied Feb. 27, 1918.)

1. RAILROADS &⇒400(8) — INJURIES TO PERSONS ON TRACKS—JURY QUESTION.

In an action for the death of one run down while on defendant railroad company's tracks, evidence of the negligence of those in charge of the company's trains *held* sufficient to go to the jury.

2. RAILROADS &⇒376(4) — INJURIES TO PERSONS ON TRACKS—DEFENSES.

Where the operatives of a train discovered the presence of a trespasser on the tracks in a perilous position, they are only required to exercise ordinary care in the use of all means within their power consistent with the safety of the train to avoid injuring him, and are not required to do everything in their power to stop the train.

3. TRIAL &⇒253(9)—INJURIES TO PERSONS ON TRACK—INSTRUCTIONS—PROPRIETY.

In an action for the death of a trespasser on the track run down by defendant's train, an instruction that the railroad company owed him no duty except to use all the means within its power consistent with operation of its train to avoid injuring him after his peril was discovered, and that if the engineer discovered the trespasser's position of peril in time to have stopped the train before striking him, and after realizing the danger negligently failed to use all means at his command to stop the train without endangering the train or those thereon, verdict should be for plaintiffs, is erroneous because depriving the jury of all consideration of the testimony by the engineer that, on discovering the presence of deceased, he gave alarm signals.

4. RAILROADS &⇒401(7) — INJURIES TO PERSONS ON TRACKS—ACTIONS—INSTRUCTIONS.

In an action for the death of a trespasser run down by defendant's train, an instruction that if the engineer, after discovering deceased and knowing his position of peril, exercised ordinary care to avoid striking deceased, verdict should be for defendant, was improperly refused.

5. TRIAL &⇒194(17)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

In an action for the death of a trespasser run down by defendant's train, where plaintiff relied on circumstantial evidence, and the defendant railroad company on direct evidence, a special charge that the facts might be shown by the circumstances, and that they should be determined by the circumstances at the time, is erroneous as on the weight of the evidence, tending to emphasize the circumstantial evidence introduced by plaintiff.

6. RAILROADS &⇒394(6) — INJURIES TO PERSONS ON TRACK—PLEADING.

In an action for the death of one run down by defendant's train, where the petition, after alleging that the servants of defendant railroad company either saw deceased or could have seen him in the exercise of ordinary care, further alleged that if the engineer and fireman, after they discovered the peril of deceased, had used ordinary care in stopping the engine, the accident might have been avoided, is, as against general demurrer, a sufficient averment that deceased's position of peril was discovered.

Appeal from District Court, Falls County; Richard I. Munroe, Judge.

Action by Mrs. Virginia McGill, for herself and as next friend for her minor children, against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Neff & Taylor, of Waco, for appellant. Nat Llewellyn, of Marlin, for appellees.

RICE, J. Mrs. Virginia McGill, for herself and as next friend for her seven minor children, brought this suit against appellant to recover damages for running against and killing her husband and their father, J. D. McGill, relying as a basis therefor on discovered peril and failure to exercise proper care to avoid the injury after having discovered his danger.

Appellant, after general and special exceptions and general denial, defended on the ground that the deceased was drunk and a trespasser, lying so near to its track as to be in danger of its passing trains, and also pleaded contributory negligence on the part of deceased.

[1] There was a trial before the court with a jury, resulting in a verdict and judgment for appellees for the sum of $10,000, from which appellant has prosecuted this appeal, urging error, first, on the ground that the judgment was wholly without evidence to support it, and that the court erred in failing to give a peremptory charge in its favor.

The facts, briefly outlined, show that deceased lived between Lott and Travis, about a mile from the latter; that on the night of the 23d of February, 1915, he went to the station of Lott for the purpose of taking passage on one of appellant's south-bound trains, and, finding it was delayed, concluded to walk home, going down the railroad track, this being the nearest and most convenient route. When about three-fourths of a mile below the station of Lott he was struck by a north-bound train and killed. It appears that he was a man who was in the habit of drinking occasionally to excess, and on the night in question it is shown that he was under the influence of liquor. The physical facts show, we think, that just before he was struck that

he was lying near the railroad track, possibly asleep. The track at this point was straight, unobstructed, and slightly up-grade toward Lott; and the engineer testified that he was looking up the track, and first saw an object about 200 feet ahead, at which time he rang the bell and blew the whistle, but he did not discover that it was something that he should not strike until he was within 65 or 70 feet of it, when he threw on the emergency brake, and that he could not tell that it was a man until he struck him; that the train was running from 18 to 20 miles an hour, and that it could not be stopped in less than 500 feet. There was evidence, however, on the part of appellees that it could be stopped within 300 feet. As to the ringing of the bell and the blowing of the whistle, and the throwing on of the emergency brake, he was corroborated by the fireman. But this evidence was controverted partly by a witness for appellees, who testified that the bell was not rung, or the whistle blown, until after the man had been struck, when the train was stopped, and the signal given as a back-up signal. The train was well equipped with the usual appliances for stopping same. The electric headlight was burning brightly, and a railroad engineer of considerable experience testified as an expert that a man lying on a straight track, on a clear night such as that night is shown to have been, and a bright headlight, could be seen a distance of a mile, and recognized as a man at least a quarter of a mile.

While it is true that the evidence on the part of appellant showed that its engineer did not discover any object upon or near the track until within 200 feet of it at which time the signals were given, and he did not recognize that it was something that he ought not to strike until it was too late to stop the train, still the evidence above outlined on the part of appellees is enough to present the issue that he did see the deceased a quarter of a mile away, and in time to have prevented the injury by stopping the train. This being true, while expressing no opinion as to the sufficiency of the evidence to support the verdict, still we think it sufficient to take the case to the jury, and the court did not err in refusing to give the charge requested, for which reason we overrule the first assignment.

[2, 3] The court instructed the jury as follows:

"You are instructed that deceased, J. D. McGill, was a trespasser upon defendant's track at the time he was killed, and that the defendant railroad company owed him no duty except to use all the means within its power, consistent with the safety of its train and the people thereon, to avoid injuring him after his peril was discovered, if it was discovered, by the employés on said train."

It further charged that:

"If you believe from the evidence that, on the occasion when J. D. McGill was struck and killed, he was on the defendant's track, and in a dangerous or perilous position, and if you believe from a preponderance of the evidence that when defendant's said train was approaching said McGill the engineer operating said train discovered the presence of the said J. D. McGill upon the said track, and realized his dangerous position, in time to have stopped the train, before striking the said McGill, by means within his power, and if you further believe that the said engineer, after realizing the danger of the said McGill, negligently failed to use all the means at his command to stop the train before striking the said J. D. McGill, without endangering the lives of those upon said train or the destruction or damage of defendant's property, and if you believe that, by reason of such negligence on the part of the engineer to use the means at his command to stop the train, the same ran against and killed the said J. D. McGill, and that the plaintiffs were thereby damaged, you will find for the plaintiffs."

These charges were promptly excepted to for the reasons hereinafter discussed, and form the basis of the second and third assignments of error.

By their respective propositions thereunder it is urged, first, that they placed too great a burden upon appellant, and that the law did not require it to do everything in its power to stop the train, but only to exercise ordinary care in the use of all means at its command after discovering his peril, to avoid injuring deceased; and, second, it is likewise urged that the giving of these charges was error, because it did not permit the jury to consider whether or not the other acts resorted to under the evidence by appellant to avoid injuring the deceased, other than the stopping of the train, might be considered by the jury in arriving at their verdict; citing, in support of such contentions, Railway Co. v. Hodges, 102 Tex. 524, 120 S. W. 848; Ry. Co. v. Reynolds, 103 Tex. 31, 122 S. W. 531; Laeve v. Ry. Co., 136 S. W. 1129; Feille v. San Antonio Traction Co., 48 Tex. Civ. App. 541, 107 S. W. 367; San Antonio Traction Co. v. Kelleher, 48 Tex. Civ. App. 421, 107 S. W. 64; Ry. Co. v. McDonald, 75 Tex. 41, 12 S. W. 860; Beaty v. El Paso Ry. Co., 91 S. W. 365.

We think the law clearly is, as suggested by appellant, that it was not its duty, after discovering deceased in a perilous position, to use all the means in its power to stop the train, but it was only required to exercise ordinary care in the use of all the means within its power, consistent with the safety of the train and those thereon, to avoid injuring him, and the exercise of such ordinary care would fulfill the requirements of the law, and the charge is therefore properly subject to the objection urged against it.

In the instant case, viewing the testimony and the evidence from the standpoint of appellant, the engineer did not see deceased in time to have stopped the train by the use of all of the means within his power, and the evidence shows there was an attempt on the part of the engineer, by sounding the bell and blowing the whistle, to warn deceased of his danger. This phase of the case was ignored, and the jury charged, as above indi-

cated, that it became the duty of appellant to use all means within its power to stop the train before injuring deceased. When the evidence suggests the use of two or more expedients on the part of the employés of a railway to prevent injury, which might constitute the exercise of ordinary care, then it becomes the duty of the court to so charge the jury as to permit them to consider all issues so raised.

In discussing a similar question in Ry. v. Reynolds, 103 Tex. 31, 122 S. W. 531, Judge Williams says:

"The error for which this writ was granted will appear in the following instruction given to the jury, the objectionable feature appearing also in other parts of the charge: ' * * * But, on the other hand, if such employé, while so operating an engine, sees a person standing on such track, and it reasonably appears that such person is not aware of the approach of the engine, and it becomes reasonably apparent that he will not leave the track before the engine reaches him, it is the duty of such employé to use every means then reasonably within his power, in the exercise of ordinary care, to stop such engine and avoid striking such person.' In this the court determines for the jury, as a matter of law, that the effort of the defendant's employés must have been directed to the stopping of the engine. There is no rule of law that requires that specific thing. What the law requires is the exercise of the care to avoid injury which persons of ordinary prudence would use in such emergencies. This care must, of course, be proportioned to the danger, but what acts and expedients constitute it in a given situation is a question to be determined by the jury, and not by the court. San Antonio & A. P. Ry. Co. v. Hodges, 102 Tex. 524 [120 S. W. 848]; 2 Thompson on Neg. §§ 1734, 1738.

"The evidence shows that several things suggested themselves as proper to be done, and that some of these were done, or attempted, by the employés to avert the collision. Was it best for the employés to do as the jury might find they did, or that they should have directed their attention more to the stopping of the engine? Was what they did in the emergency in which they thus suddenly found themselves the exercise of that kind and degree of care that men of ordinary prudence would have used in their situation? We think it quite clear that these are questions to be determined by the jury, and to be determined from the facts and circumstances as they existed and appeared at the time, and not by looking backward, and inquiring merely whether or not the event proved that some other course than that pursued would have been more effectual in preventing the injury. Of course, if it be true that all was done that could have been done to stop the engine, that fact is to be considered; but it is to be made the reason for liability only in case the jury shall find that what was done fell short of the measure of care required by the law.

"It is true that such a charge as that in question, applied to some states of fact, would not be subject to the objection made to this, for the reason that those facts might show that there was no other course open to those in charge of an engine but to try to stop it. Such charges have been presented in cases coming before this court, and have not been regarded as objectionable, for the reason that the court always may assume that about which there is no dispute. This cannot be said in cases like this, where the question is raised by the evidence as to what was best among several courses of conduct, and whether or not that which was done was all that ought reasonably to have been expected of persons of ordinary prudence called upon to act in such surroundings. Under the facts in this case, the charge not only determined a question which belonged to the jury, when it assumed that the engine must have been stopped if that could have been done by the means at hand, but, in thus confining the jury to that one question, improperly narrowed the issue. The most complete diligence to stop an engine, while under some conditions constituting all that could be expected, might, under others, be less than the full performance of the duty to exercise the care of an ordinarily prudent person. In some situations warnings and other expedients are more effectual than any effort to stop would be. Sanches v. San Antonio & A. P. Ry. Co., 88 Tex. 120 [30 S. W. 431]. While we are far from any purpose to relax the requirement which the law, for the preservation of life, makes of those controlling agencies in the operation of which life is put in peril, we must hold that such requirement is that they exercise the care which persons of ordinary prudence would employ in situations involving such immediate danger, and that the jury are the judges as to what measures of diligence are necessary to constitute that care under given circumstances. It is only when the facts leave no question open for controversy or difference of opinion that the court may assume that a particular course of action is required."

Notwithstanding the jury may have believed in the present case that appellant, in the exercise of ordinary care, could not have stopped the train in time to have prevented the injury, and that it exercised ordinary care, under the circumstances, in ringing the bell and blowing the whistle and throwing on the emergency brake, still the jury were not permitted to consider this phase of the case, because they were expressly told that, unless the engineer did all in his power to stop the train, the company would be liable. We agree with appellant in this contention, and hold that the court erred in giving these charges, because it is assumed that the only thing that could have been done to avoid the injury was to have stopped the train.

[4] Appellant requested, and the court refused to give the following special charge No. 5:

"You are instructed that if you believe from the evidence that the engineer of the engine in question, after he discovered the deceased on or near the track, if he did discover him, and knew of his perilous position, if any, and appreciated his danger, if any, and realized that it was a man or some animate object, exercised ordinary care to avoid striking the deceased, then, if you so find, you are instructed to return a verdict for the defendant."

This charge should have been given, and the refusal to do so, an exception being taken thereto, was error.

[5] By the eleventh assignment it is urged on the part of appellant that the court erred in giving special charge No. 1, requested by plaintiff, and especially the following language used therein, "It may be shown by the circumstances, and the same must be determined by the circumstances at the time," in that the same is on the weight of the evidence. By its proposition thereunder appellant urges that:

"The record showing that the plaintiff relied on circumstantial evidence, and that the defendant in large part upon direct evidence, it was

error for the court to specially instruct the jury to consider the circumstances surrounding the happening of the accident. It is never proper, where there is a conflict in the evidence, for the court to select the testimony of any particular witness or any particular line of evidence, and tell the jury that said testimony or said evidence should be considered by them, and where the evidence is in sharp conflict such an error is reversible."

We are inclined to believe that this contention is well taken, and sustain the assignment.

[6] The fifteenth assignment asserts that the petition is insufficient, because it nowhere affirmatively alleges that appellant discovered the peril of the deceased, but uses the expression, "that they either saw the deceased, or could have seen him in the exercise of due care," for which reason appellees insist that their general demurrer should have been sustained. This allegation, being in the alternative, is not sufficient; but it is contended on the part of appellees that this defect, if any, is corrected in subsequent allegations of the petition, which contain recitals as follows:

"If said engineer and fireman, after they had discovered the peril of deceased, had used ordinary care by the use of their brakes in stopping said engine," etc., and still further on in said paragraph, "after discovering the peril of deceased," etc.

We are not prepared to hold that these recitals are not good as against the general demurrer, and overrule it.

For errors indicated, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.