CHICAGO, R. I. & G. RY. CO. v. SHOCK-
LEY et ux. (No. 9113.)

(Court of Civil Appeals of Texas. Ft. Worth. June 7, 1919.)

1. RAILROADS ⬯320—DUTY OF FLAGMAN—
DISCOVERED PERIL.

A brakeman on the rear of a train backing toward a crossing, on discovering that an automobile will go upon the tracks, must exercise ordinary care to use all means at his command to avert collision, but he is not bound at all hazards to use all the means at his command.

2. RAILROADS ⬯307(4)—PUBLIC CROSSINGS—
MAINTENANCE OF WATCHMAN.

A railroad is not required to keep watchmen at public crossings except when crossing is peculiarly or extraordinarily dangerous.

3. TRIAL ⬯253(4)—INSTRUCTION—CONTRIBU-
TORY NEGLIGENCE.

In action for death of jitney car passenger in collision with train at crossing, defended on ground of contributory negligence, instruction on railroad's negligence in failing to keep watchmen at crossing was erroneous, where it authorized recovery upon a finding of such negligence as the proximate cause of the accident, irrespective of a finding of contributory negligence.

4. RAILROADS ⬯313—OPERATION—SIGNALS—
VIOLATION OF STATUTES.

Failure of trainmen in backing train toward crossing to give signals required by Vernon's Sayles' Ann. Civ. St. 1914, art. 6564, does not constitute negligence per se.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by E. H. Shockley and wife against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Lassiter & Harrison and R. M. Rowland, all of Ft. Worth, for appellant.
Baskin, Dodge, Eastus & Ammerman, of Ft. Worth, for appellees.

DUNKLIN, J. The Chicago, Rock Island & Gulf Railway Company has appealed from a judgment against it for damages in the sum of $4,500 in favor of E. H. Shockley and wife for the death of their son Myrle Shockley, which was alleged to have been due to the defendant's negligence.

A "jitney" motor car, in which 11 persons, including plaintiffs' son, Myrle Shockley, was struck by one of defendant's trains at the place where the railway track crossed Belknap street, one of the public streets of the city, and as a result of the collision Myrle Shockley and other passengers in the jitney were killed. The motor car was coming into the city at the time, and was traveling in a westerly direction, while defendant's train was traveling north, and was backing; the collision, between the jitney car and a passenger car which was at the front of the moving train. The evidence showed that Brennan, defendant's brakeman, was riding on the passenger train and when it approached the crossing he sounded an alarm whistle to warn the driver of the jitney that the train was coming, but that the warning was not heeded. The evidence further showed that just before the collision the brakeman applied the air brakes, and that the train was stopped within a short distance after the front car passed the crossing, but too late to avert the accident.

This is a companion case to No. 9112 (C., R. I. & G. Ry. Co. v. Wentzel, 214 S. W. 710) decided by this court May 31, 1919, which was a suit for damages for the death in the same accident of another motor car passenger, and the issues of negligence, relied on as a basis for recovery in the two cases, were substantially the same. Hence we shall refer to the opinion in that case for a statement of those issues and the evidence bearing upon them without attempting to repeat them.

For the same reasons given in that case

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

we think the court did·not err in submitting to the jury as a basis for recovery the issue of negligence of the defendant's brakeman in failing to stop the train in time to avoid the accident after he discovered the peril of the occupants of the jitney car, which issue was tendered in plaintiff's pleadings. But for the reasons given and upon the authorities noted in the opinion in that case, we sustain appellant's assignment to the instruction given in this case on that issue, which was substantially the same as in the other case, in that it imposed upon the brakeman too high a degree of care after the discovery of such peril, and did not clearly inform the jury that such duty did not·arise until after the brakeman had actually discovered that the motor car would go upon the crossing in front of the train.

[1] After he made such discovery he owed the duty to exercise ordinary care to use all means at his command to avert the collision, but it was improper to tell the jury that at all hazards he was bound to use all the means at his command. In the excitement of the moment the most cautious and prudent person, occupying the position of the brakeman, might overlook the doing of some act within his power to perform which would have averted the accident; and it was error to charge the jury, as was done, in effect, that after the brakeman discovered the peril of the occupants of the motor car, the defendant, through him, was an insurer of the use by him of all means at his command to avert the collision. S. A. & A. P. Ry. Co. v. McGill, 202 S. W. 338, and authorities there cited.

We are unable to say, as contended by appellant, that the evidence was insufficient to warrant the submission of the issue of negligence on the part of the defendant to fail to keep a watchman at the street crossing to warn the public of the approach of trains.

[2] The testimony introduced upon that issue is referred to in the opinion in the other case, but we are of the opinion that upon another trial the court should, in the charge submitting that issue, embody the idea that the duty to keep a watchman at a public crossing is not applicable except when such crossings are peculiarly or extraordinarily dangerous. M., K. & T. Ry. Co. v. Magee, 92 Tex. 616, 50 S. W. 1013; M., K. & T. Ry. Co. v. Hurdle, 142 S. W. 992, and authorities there cited.

[3] The charge given on the issue of negligence in the failure of defendant to keep a watchman at the crossing was erroneous, in that it authorized a recovery upon a finding of such negligence as the proximate cause of the accident, irrespective of a finding of contributory negligence on the part of Myrle Shockley, which was pleaded by defendant, and which the evidence tended to show.

An assignment is presented to the refusal of the court to charge the jury peremptorily that Myrle Shockley was violating one of the city ordinances in the manner he was riding in the jitney car, and therefore was guilty of contributory negligence as a matter of law. But the evidence set out in appellant's brief to show conclusively that he was violating such an ordinance is insufficient to sustain that contention.

In the charge the court attempted to define the duty imposed upon defendant by article 6564, V. S. Tex. Civ. Stats., with respect to giving signals when its train approached the crossing, and further told the jury that a violation of that statute would be negligence per se. Appellees in their brief admit that that portion of the charge was erroneous, and we have reached the same conclusion.

[4] We shall not attempt to point out the errors in that instruction, since, doubtless, they will be obviated upon another trial. Apparently the court had in mind some city ordinance applicable to the same issues with which the statute was confused, but we find no such ordinance in the statement of facts.

There are other assignments in appellant's brief which were disposed of in the companion case noted, and we make the same disposition of them as was made in that case, without further discussion.

For the reasons indicated the judgment of the trial court is reversed and the cause remanded.