## TEXAS & N. O. R. CO. v. DICKSON.
### No. 2555.

Court of Civil Appeals of Texas. Beaumont. June 7, 1934.

Rehearing Denied June 13, 1934.

Davis, Avery & Wallace, of Center, and R. L. Arterbury, of Houston, for appellant.

Dallas Ivey, of Center, for appellee.

COMBS, Justice.

This is an appeal from the district court of Shelby county. Appellant was defendant and appellee plaintiff in the court below and we will, for convenience, so designate the parties.

Plaintiff, J. W. Dickson, recovered a judgment against defendant for $2,000 for personal injuries sustained by him October 22, 1932, when his automobile was struck by a freight train of defendant at a public crossing in the town of Tenaha. The General Exchange Insurance Corporation, which intervened in the suit, was awarded $670, for damage to plaintiff's automobile, on which it carried the insurance.

The accident occurred at about 8:30 at night as plaintiff was driving his automobile from the home of Mr. Davis, where he was spending the night, to the garage of Marvin Davis, where he intended to store it for the night. As he drove across defendant's track near the depot, the rear of a string of twelve freight cars which were being backed into a side track struck his automobile and pushed it about 100 feet down the track, demolishing it and injuring plaintiff. No complaint is made as to the amount of the verdict.

The jury convicted the defendant of negligence proximately causing plaintiff's injuries, on the following issues:

"Did the operatives of defendant's train keep a proper lookout for plaintiff and other persons about to use the crossing as they backed the train toward the crossing?"

To which the jury answered: "No."

"Was the defendant negligent in not maintaining a flagman at the crossing in question?"

To which the jury answered: "Yes."

"Was the defendant negligent in failing to have the crossing lighted?"

To which the jury answered: "Yes."

The jury found against the defendant on all issues of plaintiff's negligence.

By several assignments, the defendant complains that the pleadings and the evidence do not support the jury's findings convicting it of negligence on the above issues. Plaintiff pleaded that defendant's railroad runs through the public square of the town of Tenaha, an incorporated town, in an east and west direction, with its depot near the center of the square; that there is one side track on the south and two on the north of the main line track; that these side tracks compose the switch yard, and strings of cars are from time to time stored thereon; that where the public highway crosses these tracks, and where the collision happened, the tracks are so near together that a vehicle attempting to cross is unable to clear the danger until all tracks are crossed; that two public highways extend along these tracks parallel thereto, one on either side, while the public highway which plaintiff was traveling extends north and south at right angles across the tracks; that the business part of town, with its stores and places of business, is located on the south side of the tracks, and on the north of them, a short distance from the crossing, are two hotels and the public school, all of which necessitates the frequent and constant use of this crossing by many people both day and

night, and particularly during the early part of the night while the stores are still open, as they were when the collision occurred; that the highway along which plaintiff approached the crossing is slightly depressed; that just west of the crossing, the direction from which the train of cars approached, and on the north side of the tracks, there is a mound or gradual elevation, to the extent that one approaching along the highway at night and seated in an automobile between 15 and 100 feet north of the crossing is unable to see a train approaching from the west unless it has a headlight on the end of the train; that the streets of the town are not lighted, nor is the crossing lighted; that the crossing, by reason of these matters, is extremely hazardous, or dangerous as a nighttime crossing, making it the duty of the defendant to place a light at the crossing and provide a flagman for the safety of the public at all times during the night when trains are about to pass, and especially so when freight trains are about to back onto the crossing; and that on the occasion in question the defendant performed none of these duties. Defendant's failure to light the crossing and to provide a flagman were alleged specifically, along with other negligent acts, as negligence proximately causing plaintiff's injuries. The defendant answered by general demurrer, general denial, and pleaded various acts of contributory negligence. It also, by way of cross-action, sued the plaintiff for $20,000 actual and $5,000 exemplary damages for personal injuries sustained by its brakeman, John Poole, who was riding on the car which struck plaintiff's automobile, and who suffered injuries to both legs, requiring their amputation above the knees. In this connection it pleaded an assignment to it of Poole's claim, for which it had paid Poole $4,700.

Plaintiff's evidence was to the effect that he was driving south on the public highway at about 15 miles per hour, and upon approaching the crossing he slowed down and looked in either direction for an approaching train, and, seeing none, he shifted gear and drove upon the crossing; that after he was upon the track, the end of the gondola car, which was the last car in the string, hit his car on the right side either about the hood or near the right door; that he did not see the car until it hit him, and did not hear any whistle or bell; that the brakeman yelled just about the time of the impact; that his automobile was shoved down the track and completely demolished and he was seriously and painfully injured. The evidence is con-

flicting as to whether the whistle was blown and the bell rung, but the jury found that they were. The engine was between five and six hundred feet from the crossing, there being eleven cars in the string which it was backing in. The evidence was also conflicting as to whether the brakeman, Poole, who was on the last car of the train, was on the end of the car or on the north side of it, standing on the "ladder," and also as to whether he was carrying a lantern; but the jury evidently concluded that he was carrying a lantern as they found that the defendant had a light on the rear of the train as it was backed toward the crossing. The jury also found in favor of the defendant on the issue of discovered peril. In response to the issues submitted as to plaintiff's negligence, the jury found that plaintiff approached the crossing at a speed of 8 to 10 miles per hour; that he did not fail to look and listen for an approaching train; that John Poole was placed in a position of peril just before the collision, but that plaintiff did not know of it in time to avoid the collision.

■ Defendant's assignments that the pleadings and evidence did not raise the issues of negligence found against it by the jury are without merit. Plaintiff's petition, which we have summarized above, specifically alleged that the crossing was especially dangerous as a nighttime crossing, and pleaded specifically the conditions which rendered it so. The issues submitted to the jury and found by them against the defendant, the failure to keep a proper lookout, the failure to provide a flagman, and the failure to have the crossing lighted, were each specifically alleged by the plaintiff as a ground of recovery. We think that the jury's findings on these issues are fully supported by the evidence. It is not disputed that the defendant did not have the crossing lighted and did not have a flagman at the crossing. As we view the evidence, it also established, without controversy, that the crossing was extrahazardous as a nighttime crossing. The situation of it on the main square of the town, the general surroundings, which necessitated the frequent use of it by the general public, both day and night, have been set forth above. Plaintiff's evidence that the crossing was much used was corroborated by defendant's engineer, Moore, who was in charge of the locomotive at the time of the accident. Defendant offered no testimony tending to contradict in any way the showing that the crossing was much used. Yet the long string of cars were backed onto the dark crossing without any flagman at the crossing, or walking ahead of the cars to warn persons who might be using it at the time of the approach of the train. The locomotive was five or six hundred feet away, backing the cars in with its headlight pointed away from the crossing; it was too far back to serve as a proper warning of the approach of the cars. Plaintiff's evidence that he could not see the train approaching is corroborated by the fact that the engineer did not see the plaintiff's automobile approach nor did he know of the collision until he was flagged by a brakeman after plaintiff's automobile had been shoved more than 100 feet down the track; the brakeman, Poole, who was injured, and who testified that he was on the side step or stirrup of the forward car of the string on the side from which plaintiff approached, did not see the approach of plaintiff until about the time of the collision.

Under the circumstances shown it was the duty of the defendant to have a flagman at the crossing. Chicago, R. I. & G. R. Co. v. Shockley (Tex. Civ. App.) 214 S. W. 716; Hines, Director General, v. Hodges (Tex. Civ. App.) 238 S. W. 349; Texas & N. O. R. Co. v. Pearson (Tex. Civ. App.) 224 S. W. 708. Moreover, the evidence fully supports the jury's findings that the defendant was negligent in failing to keep a proper lookout, and in not having the crossing lighted.

■ The defendant complains that the jury was actuated by prejudice, and designedly disregarded the evidence in order to bring about a judgment for the plaintiff, in that the jury found that the brakeman, John Poole, suffered no damages, when the facts showed that he lost both legs as a result of the accident. We perceive no such design in the jury's answers. Several issues upon which the evidence was highly conflicting were answered in the defendant's favor. Moreover, the amount of the damages awarded plaintiff is so obviously reasonable that the defendant has made no complaint against that feature of the judgment. We think the jury's finding in regard to Poole's injuries can be easily explained on grounds other than prejudice. The defendant pleaded that it had paid Poole $4,700 for an assignment of his claim against the plaintiff, and introduced the assignment in evidence. Defendant sued plaintiff in its own behalf on the claim and Poole testified that defendant had not promised him anything more. So, in answering the issue as to what amount of money paid now would fairly and reasonably compensate Poole, the jury, as ordinary laymen, probably concluded that Poole had already been compensated by the defendant, in an amount acceptable to him. The defendant does not as-

sign error against the judgment denying it recovery on its cross-action, and the jury's answer to the issue is immaterial.

Finding no error, the judgment of the trial court is in all things affirmed.

On Rehearing.

In its motion for rehearing appellant contends that we were in error in stating that the evidence was conflicting as to whether the brakeman, John Poole, who was injured, was on the end of the last car or on the north side of it, standing in the stirrup when the collision occurred. We were not in error in so stating. True, Poole and several other witnesses testified that he was standing on the stirrup as the train approached the crossing, and no witness testified directly that he was on the front of the car. But it is shown without dispute that plaintiff's automobile was pushed more than 100 feet by the train, and that when the train stopped Poole was fastened between the automobile and the freight car so that the train had to be pulled forward away from the automobile in order to release him.

The point is immaterial except that in connection with the issues of contributory negligence, which the jury found against it, defendant insists that plaintiff ran into the side of the train. Plaintiff's testimony that the train struck his automobile is corroborated by two disinterested eye witnesses, Emmett Lane and W. D. Chandler. The latter testified positively that the drawhead on the freight car was driven into the body of the automobile behind the right door. And Poole himself stated "I guess the (freight) car struck his (plaintiff's) car."

The motion for rehearing is in all things overruled.