## TEXAS ELECTRIC SERVICE CO. v. KINKEAD.

### No. 13158.

Court of Civil Appeals of Texas. Fort Worth.

May 3, 1935.

Rehearing Denied June 21, 1935.

See, also, 36 S.W.(2d) 1052.

T. R. Boone and Kearby Peery, both of Wichita Falls, for plaintiff in error.

Fitzgerald & Hatchitt and Otis E. Nelson, all of Wichita Falls, and B. H. Powell, of Austin, for defendant in error.

BROWN, Justice.

Defendant in error, L. D. Kinkead, brought suit in the district court of Wichita county against plaintiff in error, Texas Electric Service Company, for personal injuries

suffered by him by being struck, on a public street in the city of Wichita Falls, Tex., on March 28, 1927, by a motor vehicle being driven by one of the employees of plaintiff in error. In his first amended original petition, filed January 11, 1930, he pleaded that he attempted to cross Fourteenth street, at and near its intersection with Grace street, after observing that no vehicle was approaching him, but that he was struck down in the following manner: "Plaintiff further shows that defendant's said truck was then being driven at an excessive, reckless and unlawful rate of speed, towit: at forty-five miles per hour; that defendant's agents and servants in charge thereof failed to sound the horn or to give any warning whatsoever of the approach of said car towards plaintiff; and he further shows that although observing his danger and knowing that he could not escape death or severe injury therefrom, and with ample time and all essential means therefor, defendant's said agents and servants wholly failed to make any effort whatsoever to avoid the same, which plaintiff says they could have done with ordinary care and without any risk to any of the occupants of said truck and with no harm thereto, but he says they wantonly, recklessly and purposely drove the same so that it could not but collide with him, and which said negligent, wrongful and unlawful acts and conduct, plaintiff now avers to be the proximate cause of the injuries he then suffered and for which he sues by this action."

Plaintiff in error on the same day filed its second amended answer in which it urged a general demurrer, a special exception to the language used by defendant in error in the above-quoted paragraph of his pleading which seeks to raise the issue of discovered peril, and urged that such ground for recovery was barred by the two years' statute of limitation before the amended pleading was filed. Other special exceptions and acts of contributory negligence done by defendant in error were pleaded. It further alleged that the driver of the motor vehicle which struck defendant in error was in the employ of the Texas Power & Light Company, an independent contractor, and not in its employ.

On the same day defendant in error was permitted to file a "Second Supplemental Petition" in which he generally denied the allegations in the said second amended answer; denied that he was guilty of contributory negligence, amplified his allegations concerning discovered peril, and specially averred that plaintiff in error and the Texas Power & Light Company, though operating under separate names, are in fact one and the same concern and engaged in a single enterprise. He further averred that by the arrangements made between the two companies the plaintiff in error was without authority to appoint its agents, but had surrendered such right to the Texas Power & Light Company; that the use of the two separate names was merely to serve some convenient purpose, or to defeat the law and deceive the public and those dealing with it in case liability were asserted against either of them. He further alleged that if he were mistaken as to the right and authority of the Texas Power & Light Company to name and appoint all of the agents of plaintiff in error, then the two companies were, at the time of defendant in error's injuries, partners, jointly owning and jointly engaged and interested in the sale and distribution of the washing machine that was in the truck which injured defendant in error; and were joint tort-feasors.

On January 12, 1930, the plaintiff in error filed an answer to the supplemental petition, demurring, specially excepting, and specially denying the alleged partnership.

On March 16, 1934, the trial court permitted defendant in error to file a trial amendment. Under what circumstances, the record does not disclose, but the judgment recites that the cause came on to be heard on March 17, 1934.

Plaintiff in error demurred to and answered the so-called trial amendment.

The case was tried to a jury and 38 special issues submitted. On the verdict, the trial court rendered judgment for defendant in error for $16,071, and defendant company sued out a writ of error.

█ The assignment of error addressed to the plea of limitations affecting the allegations relying upon discovered peril is overruled.

The Acts of 42d Legislature (chapter 115, § 1) put into effect article 5539b, Vernon's Ann. Civ. St., and the wording of such act seems to make it plain that if the suit is brought before the cause of action is barred, any subsequent amendment changing the facts or grounds of liability shall not be barred.

█ Issue No. 9, submitted, is: "Do you find from a preponderance of the evidence that Fred Everetts discovered the danger-

ous position of the plaintiff, if he was in a dangerous position, and realized his peril, if any, and realized that he would probably not be able to extricate himself therefrom, at such a time that by the use of ordinary care, and by the use of all means at his command, consistent with the safety of himself, his passengers, and the car, that he could have avoided the collision?"

Plaintiff in error objected to this issue, "for the reason that the same places a burden upon the said Fred Everetts to not only use ordinary care, but in fact and in addition thereto, to use all the means at his command consistent with the safety of himself, his passengers and his car, to avoid the collision, which is a greater burden on the said Fred Everetts than the law justifies or warrants."

A charge very similar to issue No. 9 was given in San Antonio & A. P. R. Co. v. McGill (Tex. Civ. App.) 202 S. W. 338, 339, and was condemned by the court in the following language: "We think the law clearly is, as suggested by appellant, that it was not its duty, after discovering deceased in a perilous position, to use all the means in its power to stop the train, but it was only required to exercise ordinary care in the use of all the means within its power, consistent with the safety of the train and those thereon, to avoid injuring him, and the exercise of such ordinary care would fulfill the requirements of the law, and the charge is therefore properly subject to the objection urged against it."

The charge complained of in the instant suit required the jury to find from a preponderance of the evidence that the driver of the truck, after discovering the defendant in error's perilous position, was compelled to use ordinary care and all means at his command, consistent with his own safety, and that of his passengers and vehicle, to avoid the collision, and that his failure to do so would be negligence.

If the driver of the truck discovered defendant in error's perilous position at such a time as that, in the exercise of ordinary care to make use of all the means at hand, consistent with his own safety and that of his passengers, he could have avoided striking defendant in error, he was guilty of negligence. If he exercised ordinary care to use, or in the use of, all the means at hand, consistent with safety, for the purpose of avoiding the injury, he discharged his full duty to the defendant in error.

The third assignment of error is sustained. International & G. N. Ry. Co. v. McDonald, 75 Tex. 41, 12 S. W. 860.

■ Issue No. 10 is: "Do you find from a preponderance of the evidence that Fred Everetts failed to exercise ordinary care by the use of means at his command, consistent with the safety of himself, his passengers and his truck, to avoid the collision?" This charge is defective, in that it is not a clear statement of the law.

Everetts was required, under proper circumstances, to be found by the jury to exercise ordinary care to use the means at his command, consistent with safety to himself and his passengers, to avoid the accident, and his failure to do so would be negligence.

As was said in Baker v. Shafter (Tex. Com. App.) 231 S. W. 349, 350: "The doctrine of discovered peril involves three elements, viz': (1) The exposed condition brought about by the negligence of the plaintiff; (2) the actual discovery by defendant's agents of his perilous situation in time to have averted—by the use of all the means at their command, commensurate with their own safety—injury to him; and (3) the failure thereafter to use such means."

If a party is to be held under the doctrine of discovered peril, it is requisite that there be evidence of actual discovery of the perilous position of the injured party. The plaintiff must establish not merely that the defendant ought to have known or discovered the peril, but that he actually discovered it. Texas & P. Ry. Co. v. Breadow, 90 Tex. 26, 36 S. W. 410.

■ The court submitted the following issue (No. 2) on the question of partnership:

"Do you find from a preponderance of the evidence that the Texas Electric Service Company and the Texas Power and Light Company were a partnership in the sale of the washing machines in question, on the date of the accident?"

The court undertook to define the term "partnership," in the charge, as follows: "The term 'partnership' as that term is used herein is defined to you by the court to be a combination of two or more persons or corporations of capital, or labor, or skill for the purpose of business for their common benefit by virtue of a prior agreement between them to carry on the undertaking. It is distinguished from an agent or an independent contractor by the fact that such profits, if any, as are received by the members of

the partnership are received for their interest in the business, and not as compensation for services rendered as in the case of an agent or an independent contractor."

This is not a correct definition, and was unfair to plaintiff in error.

Chancellor Kent's definition is: "A contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in lawful commerce or business, and to divide the profit and bear the loss, in certain proportions."

The Supreme Court of the United States, in Meehan v. Valentine, 145 U. S. 611, 12 S. Ct. 972, 973, 36 L. Ed. 835, said: "The requisites of a partnership are that the parties must have joined together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. * * * In the present state of the law upon this subject, it may perhaps be doubted whether any more precise general rule can be laid down than, as indicated at the beginning of this opinion, that those persons are partners who contribute either property or services to carry on a joint business for their common benefit, and who own and share the profits thereof in certain proportions."

For the corporations named in issue No. 2 to be partners in the sale and distribution of the washing machines that were being sold by Everetts and those working with him, it would be necessary that they share in the profits made from the sales of the machine.

■ There is no evidence in the record supporting the issue of the existence of a partnership between the two corporations named, and the submission of such issue was error.

The only issue raised by the evidence, as disclosed by the record, is whether or not Everetts was an agent of the Texas Electric Service Company, at the time of the accident, and acting within the scope of his authority.

The undisputed evidence is that he executed contracts, as salesman, for the sale of washing machines, for the Texas Electric Service Company, which contracts were signed by said company through P. A. Rogers, vice president and district manager. This, with the further testimony concerning the ownership of the machines, seems to us to be sufficient evidence to warrant the submission of issues of agency.

Having reached such conclusion, we do not think there is a material conflict in the verdict wherein the jury found that the Texas Power & Light Company was Everetts' employer; that it had the right to hire and discharge him; and that at the time of the accident he was the agent of plaintiff in error.

■ We have been under the impression that a trial amendment is a pleading that a litigant files during the progress of the actual trial of a case, and that its office is to meet some situation that is developed by the evidence.

The so-called trial amendment permitted to be filed by the defendant in error did not arise under such circumstances, and should not have been filed. If the defendant in error desired to add anything to his pleadings, he should have done so by amending his petition.

The jury found plaintiff in error was guilty of negligence in not giving an alarm and in driving the truck at a speed of more than 20 miles per hour; that these acts proximately caused the accident; and found the defendant in error guilty of contributory negligence in crossing the street without looking out for traffic on the street.

In view of the holding of the Commission of Appeals in Hines v. Foreman, 243 S. W. 479, if the evidence, upon the next trial, raises the issue of discovered peril, this issue and those covering primary negligence should be submitted, as was done in the trial from which this appeal lies.

We do not consider it necessary to pass upon other assignments of error at this time, and reverse the judgment of the trial court and remand the cause for a new trial because of the errors noted.

Reversed and remanded.